**In re BLAKEY.**

**In re GOBLE.**

[Cite as *In re Blakey* (1989), 65 Ohio App.3d 341.]

Court of Appeals of Ohio,
Franklin County.

Nos. 89AP–378, 89AP–379.

Decided Nov. 21, 1989.

*Michael Miller,* Prosecuting Attorney, and *Paul M. Herbert II,* for appellee state of Ohio.

*Vicki Blakey,* for appellees Nicole Blakey and Dawn Goble.

*Barry A. Mentser,* for appellant Franklin County Children Services.

REILLY, Judge.

These are appeals from judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

The case involves the findings that Nicole Blakey and Dawn Goble are unruly minors because of being habitual truants from school, pursuant to R.C.

2151.022(B). This determination resulted in a temporary court commitment of the children to Franklin County Children Services. Thereafter, notices of appeal were filed by Franklin County Children Services ("appellant") in this court.

The following assignment of error is asserted:

"The trial court erred in adjudicating the child unruly by reason of school truancy and making the child a ward of Franklin County Children Services absent a finding of compliance with the statutory procedures for enforcing compulsory education, ORC Sec. 3321.01 *et seq.*"

The assignment of error is not well taken as appellant was not a party to the litigation. Juv.R. 2(16) defines a "party" as:

" * * * [A] child who is the subject of a juvenile court proceeding, his spouse, if any, his parent, or if the parent of a child be himself a child, the parent of such parent and, in appropriate cases, his custodian, guardian or guardian ad litem, the state and any other person specifically designated by the court."

Thus, appellant is not a party since, pursuant to Juv.R. 2(16), the only parties to these hearings are the juveniles, their parents, the state of Ohio, and any other person specifically designated by the court. Such parties, as defined by the foregoing rule, are not appealing. Appellant became involved as a result of the trial court's disposition of the proceedings.

Therefore, the appeals are dismissed.

*Appeals dismissed.*

STRAUSBAUGH and BOWMAN, JJ., concur.