The Union Savings Association, Appellee, *v.* Home Owners Aid, Inc., Appellant, et al.

(No. 69-345—Decided September 16, 1970.)

*Messrs. Thompson, Hine & Flory* and *Mr. Michael H. Hughes,* for appellee.

DUNCAN, J. The record, briefs, and arguments of counsel raise the question: May a corporate litigant maintain a legal action *in propria persona* through an officer of the corporation who is not a licensed attorney? If a corporation cannot appear *in propria persona* through its officer, the order of the Court of Common Pleas, striking the corporate defendant's petition to vacate judgment, was proper.

Appellant, Home Owners, contends that corporate statutes in R. C. Chapter 1701, in essence, either provide or imply that a corporation is the same as a natural person in all respects and has all the capacities of a natural person, including the right to represent itself *in propria persona* through an appointed agent who need not be an attorney at law. Home Owners asserts constitutional protection for the right to litigate in this manner pursuant to its entitlement to due process and equal protection of the law, as guaranteed by the Ohio and United States Constitutions. In addition, Home Owners urges that a denial of the maintenance of this litigation through its officer unconstitutionally impairs the obligation of contract.[2]

---

[2] The prohibition against impairment of contract obligations is found in Section 10, Article I of the United States Constitution providing in part: "No state shall * * * pass any * * * law impairing the obligation of contracts * * *."

The Ohio counterpart is Section 28, Article II of the Ohio Constitution, which provides in part: "The General Assembly shall have no power to pass * * * laws impairing the obligation of contracts * * *."

We cannot agree with appellant's contentions, which appear to be based upon the premise that a corporation and a natural living person are in all respects equal. A corporation is an artificial person, created by the General Assembly and deriving its power, authority and capacity from the statutes.

It is true that certain statutes, *e. g.*, R. C. 1701.01(G), 1701.13(F) and 2309.46, make it appear that a corporation is to be treated as a natural person. Many other statutes, however, clearly reveal that the General Assembly did not intend a corporation to have all the attributes and powers of a natural person.

For example, R. C. 1701.04(C) and 1701.07, dealing with statutory agents, recognize the impossibility of the corporation, itself being capable of receiving service of process unless a human intermediary is involved. While granting corporations extensive authority, R. C. 1701.13 does not grant them all powers of natural persons. A corporation cannot defend an obligation on the ground that a usurious interest rate was charged. R. C. 1701.68. A corporation must file an annual affidavit with the Tax Commissioner denying that it made any political contributions. R. C. 5733.27. Finally, R. C. 2309.46 recognizes that when a corporation is a party to a lawsuit the corporation is incapable of executing the verification, but a human agent must perform that task.

The conclusion to be drawn from those cited statutes is that the General Assembly never intended to give a corporation all the rights and privileges of a natural person. Viewed in this light, the corporation's alleged indigence has no relevance.

In other jurisdictions, courts have held that a corporation cannot appear *in propria persona. E. g., Osborn* v. *Bank of the United States,* 22 U. S. 738, at 829; *Flora Construction Co.* v. *Fireman's Fund Ins. Co.* (C. A. 10), 307 F. 2d 413, certiorari denied, 371 U. S. 950; *Simbraw, Inc., United States* (C. A. 3), 367 F. 2d 373; *Bennie* v. *Triangle Ranch Co.,* 73 Colo. 586, 216 P. 718; *Cary & Co.*

v. *F. E. Satterlee & Co.*, 166 Minn. 507, 208 N. W. 408. See *Kentucky State Bar Assn.* v. *Henry Vogt Machine Co.* (Ky.), 416 S. W. 2d 727; *Clark* v. *Austin*, 340 Mo. 467, 101 S. W. 2d 977; *State, ex rel. Daniel,* v. *Wells,* 191 S. C. 468, 5 S. E. 2d 181; *Globe Leasing, Inc.,* v. *Engine Supply & Machine Serv.* (Tex. Civ. App.), 437 S. W. 2d 43; *Paradise* v. *Nowlin,* 86 Cal. App. 2d 897, 195 P. 2d 867.

The fallacy of defendant corporation's constitutional arguments is that they rest upon the faulty premise that a corporation is in all respects equal to a natural person.

Mr. Chief Justice Fuller wrote, concerning equal protection of the law: "* * * whenever the law operates alike on all persons and property, similarly situated, equal protection cannot be said to be denied." *Walston* v. *Nevin,* 128 U. S. 578, at 582. See *Xenia* v. *Schmidt,* 101 Ohio St. 437; *Wheeling Steel Corp.* v. *Glander,* 337 U. S. 562. Since natural persons and corporations are not *similarly situated,* the law need not operate identically upon them.

Due process of law requires only that the court system be open to use by those aggrieved. As Mr. Justice Miller remarked in *Davidson* v. *New Orleans,* 96 U. S. 97 at 105: "* * * it is not possible to hold that a party has, without due process of law, been deprived of his property, when, as regards the issues affecting it, he has, by the laws of the state, a fair trial in a court of justice, according to the modes of proceeding applicable to such a case." The important phrase is "according to the modes * * * applicable." The procedure requiring a corporation to appear through an attorney in no way deprives the appellant of its substantive right of due process. Viewed in this light, appellant's constitutional due-process and equal-protection arguments are totally without merit. See *Ashley-Cooper Sales Services, Inc.,* v *Brentwood Mfg. Co.,* 168 F. Supp. 742.

Regarding appellant's impairment of contract argument, the evidence fails to show that the corporation ever had the right to defend itself *in propria persona.* Rather, R. C. 4705.01, pertaining to the practice of law, and the

many other statutes which provide for treating corporations and individuals differently, were in effect at the birth of the contractual obligation between appellant and the state of Ohio. Since appellant has not shown the possession of the right, impairment is impossible.

Beyond what has been concluded hereinabove in importance as a basis for our decision is the statutory prohibition regarding the practice of law. R. C. 4705.01 prohibits anyone from practicing law or commencing or defending an action "in which he is not a party concerned, * * * unless he has been admitted to the bar by order of the Supreme Court * * *."

It is the responsibility of this court to provide effective standards for admission to the practice of law and for the discipline of those admitted to practice. Litigation must be projected through the courts according to established practice by lawyers who are of high character, skilled in the profession, dedicated to the interest of their clients, and in the spirit of public service. In the orderly process of the administration of justice, any retreat from those principles would be a disservice to the public. To allow a corporation to maintain litigation and appear in court represented by corporate officers or agents only would lay open the gates to the practice of law for entry to those corporate officers or agents who have not been qualified to practice law and who are not amenable to the general discipline of the court.

In view of the foregoing, the judgment of the Court of Appeals, affirming the striking of appellant's petition, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT and CORRIGAN, JJ., concur.³

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

---

³CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.