OPINION
Appellant, Barbara Ferencak, appeals the judgment of the Painesville Municipal Court, which granted default judgment to appellee, George Shima Buick, Inc.
On June 8, 1998, appellee filed a complaint, through its president, against appellant, in the Small Claims division of the Painesville Municipal Court for stopping payment on a check. The case was set for trial on July 9, 1998. Appellant filed a motion to dismiss the complaint because appellee was a corporation and its president, who is not an attorney, filed the complaint. On the day of the trial, the court denied appellant's motion to dismiss and, because appellant was not present, granted appellee default judgment in the amount of $400.15.
Appellant appeals and raises the following assignments of error for our review:
 "[1.] The trial court erred in not dismissing the complaint as section 1925.17 of the Ohio revised code unconstitutionally allows a person, who is not a licensed attorney, to practice law.
 "[2.] Defendant was denied due process of law when the court did not rule on defendant's motion to dismiss prior to commencing a trial in this case and advising defendant or her attorney of this ruling."
In her first assignment of error, appellant asserts that R.C.1925.17 is unconstitutional because it violates the separation of powers doctrine of Ohio's Constitution by allowing the General Assembly to make rules governing practice in Ohio courts when Section 5(B), Article IV, Ohio Constitution states that: "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state." To wit, it allows the General Assembly to supersede the supreme court's rules governing who may practice law in small claims court.
R.C. 1925.17 provides that:
 "A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy."
The First District Court of Appeals, in Alliance Group, Inc.v. Rosenfield (1996), 115 Ohio App.3d 380, 685 N.E.2d 570, held that R.C. 1925.17 was unconstitutional because it violated the Ohio Constitution's separation of powers doctrine.[1] In so holding, it determined that the preparation and filing of a small claims complaint may not be done on behalf of another by a layperson and, thus, R.C. 1925.17 ostensibly permits a layperson to represent his corporation.
This court was presented with a nearly identical challenge to the constitutionality of R.C. 1925.17 in Tradesmen Int'l v. Bridge
(Feb. 6, 1998), Lake App. No. 96-L-072, unreported (Christley, J., dissenting). In Tradesmen, the majority did not address the constitutionality of R.C. 1925.17 because we determined that it had not been raised before the trial court and was not properly before us. However, in her dissent, Judge Christley wrote that the issue of the constitutionality of R.C. 1925.17 was properly before the court because it raised the subject-matter jurisdiction of the trial court and that she "[found] the entire Alliance Group analysis to be persuasive." In the instant case, appellant did raise the issue before the trial court and it is now properly before us.
In Milo Const. Co., Inc. v. Miller (Apr. 16, 1999), Lake App. No. 98-L-055, unreported, we ruled that allowing an amendment of a complaint to change the plaintiff from an individual to a corporation after a trial when the individual had engaged in acts of advocacy circumvented the intent of R.C. 1925.17. We did not address the question of whether R.C. 1925.17 was constitutional at that time.
According to Civ.R. 1(C)(4), the civil rules, to the extent that they would by their nature be clearly inapplicable, do not apply to procedure in small claims matters under chapter 1925 of the Revised Code. Outside of small claims court, a corporation may not maintain litigation and appear in court represented by corporate officers or agents. Union Savings Ass'n v. Home OwnersAid, Inc. (1970), 23 Ohio St.2d 60, 262 N.E.2d 558.
The procedures in small claims court, particularly pleadings, are more elastic to accommodate pro se litigants. McDonald v.Ohio Packaging Corp. (May 16, 1988), Stark App. No. 7390, unreported. The staff notes accompanying Civ.R. 1 set forth that:
 "* * * [c]hapter 1925, R.C., provides for a `small claims' civil procedure. The small claims action does not contemplate the use of a formal complaint prepared by a lawyer or an answer or elaborate discovery procedures. Indeed, the small claims procedure encourages two citizens to argue their differences informally before a referee. The Rules of Civil Procedure are generally not designed for a small claims proceeding, hence the exclusionary language under Rule 1(C)."
R.C. 1925.17, which took effect eight months before the effective date of Civ.R. 1, has nothing to do with supervision of the practice of law by the supreme court, but merely gives effect to the stated purpose of small claims court to not require formal complaints prepared by an attorney. To require a corporation to retain an attorney to prepare and file a complaint every time it attempted to collect on a small debt, such as the one at issue, would contradict the philosophy underlying the creation of small claims court. R.C. 1925.17 does not usurp the supreme court's authority to make rules governing the courts or the practice of law in Ohio, but, in certain aspects, it is consentually excluded therefrom by Civ.R. 1(C)(4), as prescribed by the supreme court and acceded to by the general assembly pursuant to Section 5(B), Article IV, Ohio Constitution. Appellant's first assignment of error is without merit.
In her second assignment of error, appellant asserts that she was denied due process of law because the trial court did not rule on her motion to dismiss prior to the date of trial and then set the trial for a later date. Appellant argues that she did not show up for the hearing because of her belief that the trial would not go forward on that day. However, the record indicates that the trial court ruled on appellant's motion, immediately went forward with the trial, and ruled in favor of appellee, due to appellant's absence. Nothing indicates that the trial date was ever continued or that the trial court acted improperly. Appellant's second assignment of error is without merit.
For the foregoing reasons, we affirm the judgment of the trial court.
FORD, P.J., concurs,
CHRISTLEY, J., dissents with dissenting opinion.
[1] This holding was accepted by the Eighth District, without further analysis, in ABC Check Cashing, Inc. v. LeaderBuilders, Inc. (April 22, 1999), Cuyahoga App. No. 73969, unreported.
 DISSENTING OPINION