OPINION
Appellant, Regis D. Burns, appeals the judgment of the Ashtabula County Court, Eastern Area, finding no violation of the Consumer Sales Protection Act ("CSPA").
Appellant initiated this action by filing a small claims complaint against appellee, Thermal Construction, Inc., in November 2000. As the basis for his sole cause of action, appellant alleged that appellee violated the CSPA by selling goods and services that substantially exceed the usual selling price. For relief, appellant sought the sum of $ 3,000, plus interest.
The matter was presented to the court at a small claim hearing, on January 8, 2001. Both parties were present at the hearing, without counsel. A transcript of this proceeding has not been included as part of the record in this appeal. In his brief, appellant explains that the tape recorder was not turned on for the hearing.
In its January 8, 2001 judgment entry, the trial court found in favor of appellee, based upon the evidence presented by the parties and appellant's failure to present any evidence of the fair price of the windows at issue in the instant case. From this judgment, appellant raises the following assignment of error:
 "[1.] The trial court erred to the prejudice of the appellant, as a matter of law because breach of a consumer contract constitutes a violation of a the Ohio Consumer Sales Practices Act, and the measure of the damages is either a minimum of $200.00 per violation, or the cost of the window that was not installed in accordance with the contract terms."
At the outset, we note that the record in this case contains just the court docket, the complaint, a notice of mediation, proof of service, a hearing notice, four exhibits, the trial court's judgment entry, the docketing statement and the notice of appeal. No narrative statement of the evidence or the proceedings, pursuant to App.R. 9(C), nor an agreed statement pursuant to App.R. 9(D) was made part of the record. The limited record reveals that, on May 29, 1990, the parties executed a contract for the purchase and installation of eight windows at a cost of $6,075.
Additionally, we note that generally "[a] corporation cannot maintain litigation in propria persona, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law." Union Savings Assn. v. Home Owners Aid (1970), 23 Ohio St.2d 60,syllabus. However, R.C. 1925.17 provides, in relevant part, that "* * * a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy."
In the instant case, the record is devoid of any evidence that appellee's representative, a non-attorney, engaged in any act of advocacy on behalf of the corporation. In fact, the record reveals that appellee's representative did nothing more than attend the small claims hearing.
In his sole assignment of error, appellant asserts that appellee breached its contract by failing to install one of the eight windows, that the total contact price exceeded the usual selling price for these windows, and that because the windows were overpriced, he did not receive a substantial benefit.
In the absence of a complete record, an appellate court must presume the regularity of the trial court proceedings. Hartt v. Munobe,67 Ohio St.3d 3, 7, 1993-Ohio-177. The record before us does not contain a trial transcript, or a statement of the evidence under App.R. 9(C). Thus, we must engage in the presumption of the regularity of the proceedings in the trial court. However, we will briefly address the issues presented.
Pursuant to R.C. 1345.03(A), "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction." When determining whether an act or practice is unconscionable, R.C. 1345.03(B), provides that the following circumstances must be considered:
* * *
 "(2) Whether the supplier knew at the time the consumer transaction was entered that the price was substantially in excess of the prices at which similar property or services were readily obtainable in similar consumer transactions by like consumers;
 Whether the supplier knew at the time the consumer transaction was entered into of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction;
* * *
 (5) Whether the supplier required the consumer to enter into a consumer transaction on terms the supplier knew were substantially one-sided in favor of the supplier;
* * *
 (7) Whether the supplier has, without justification, refused to make a refund in cash or by check for a returned item that was purchased with cash or by check, unless the supplier had conspicuously posted in the establishment at the time of the sale a sign stating the supplier's refund policy."
With regard to R.C. 1345.03(B)(2), (3), and (5), appellant was required to demonstrate that the windows were, in fact, overpriced. In order to show that the windows were overpriced, appellant had the burden of presenting evidence of the fair price of the windows. The trial court found that appellant failed to do so. Without a complete record, appellant cannot demonstrate the assigned error; therefore, we must presume that the evidence presented supported the trial court's conclusion. Thus, appellant's argument is without merit.
We will next address appellant's contention that appellee violated R.C. 1345.03(B)(7). In support of this argument, appellant points to a notation made on a copy of the executed contract. He asserts that the notation, which indicates that appellee accepted a lesser amount than that originally contracted, is evidence that appellee breached its contract and attempted to settle the breach for the sum of $496. Appellant further argues that the sum of $496 was inadequate.
Upon review, we conclude that appellant's contention is not supported by the record. While the record does contain a copy of the contract, which bears a notation indicating that the balance was paid in full, there is no indication that appellee had breached the contract and/or was attempting to settle a breach of contract. Further, the record is devoid of any evidence to demonstrate that this issue was presented to the trial court. Appellant's complaint only alleged that appellee violated the CSPA by selling goods and services that substantially exceeded the usual selling price. Thus, appellant's argument lacks merit.
Based on the foregoing, the judgement of the trial court is hereby affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.