**IBERIA CABINET MANUFACTURING COMPANY**

v.

**WALSTON.**

2002-Ohio-7450.]

Marion County Municipal Court, Ohio.

No. 02 CVI 1083.

Decided Dec. 26, 2002.

Terry L. Gernert, for defendant.

WILLIAM R. FINNEGAN, JUDGE.

{¶ 1}  On November 18, 2002, this case came on before the court upon the motion of defendant Jim Walston to set aside judgment.  Plaintiff Iberia Cabinet Manufacturing Company was present by Jeff Benton, president of the plaintiff, and the defendant was represented by Terry L. Gernert.  Thereupon, oral argument was heard.

{¶ 2}  This is a small claims case that was filed by the plaintiff on June 24, 2002.  The matter proceeded to contested trial before the small claims magistrate on July 24, 2002, with the magistrate recommending a judgment in favor of the plaintiff in the amount of $2,612.50, plus interest and court costs, by proposed decision of magistrate of August 23, 2002.  No objections to the proposed decision of magistrate were filed by the defendant, and on September 11, 2002, this court granted judgment to the plaintiff against the defendant in the above-stated amount.  The plaintiff commenced bank garnishments to collect on the judgment on September 20, 2002.  On September 24, 2002, the defendant filed his motion to set aside judgment.  The defendant also filed a motion to stay judgment, which this court has granted, as the defendant has placed with the court an amount that would satisfy the total probable amount due on the judgment if the defendant's motion to set aside judgment is not granted.

{¶ 3}  In his motion, the defendant asks this court to set aside the judgment rendered in this case on the basis that no licensed attorney at law has participated on behalf of the plaintiff at any stage in this case.  The defendant maintains that this constitutes the unauthorized practice of law, and that R.C. 1925.17, which allows the actions that have been taken by the officer of the plaintiff throughout this case, is unconstitutional.

{¶ 4}  The statute in question is R.C. 1925.17, which states:

{¶ 5}  "A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law.  Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy."

{¶ 6}  The defendant maintains that R.C. 1925.17 is an unconstitutional attempt by the legislature to regulate civil procedure, which the defendant claims is reserved to the Ohio Supreme Court by Section 5(B), Article IV of the Constitution of Ohio. In addition, the defendant claims that R.C. 1925.17 permits unautho-

rized persons to practice law, which impinges upon the authority of the Ohio Supreme Court to determine which persons are authorized to practice law, pursuant to Section 2(B)(1)(g), Article IV of the Constitution of Ohio.

{¶ 7}  Turning first to the issue of whether R.C. 1925.17 is an unconstitutional attempt to govern procedure in Ohio courts, the court notes that the defendant cites *Alliance Group, Inc. v. Rosenfield* (1996), 115 Ohio App.3d 380, 685 N.E.2d 570 (Hamilton Cty.), which held R.C. 1925.17 unconstitutional.  In so holding, the court in *Alliance Group, Inc.* stated that there was no constitutional provision vesting authority in the General Assembly, or inherent power in the General Assembly, to establish separate or additional rules for courts created by the General Assembly.  The court further stated that the power granted to the Ohio Supreme Court governs the practice and procedure of all courts in this state, regardless of whether the courts are constitutionally created or legislatively created.

{¶ 8}  The first paragraph of Section 5(B), Article IV of the Constitution of Ohio states:

{¶ 9}  "The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right.  * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

{¶ 10}  This court finds the argument that R.C. 1925.17 is in violation of the first paragraph of Section 5(B), Article IV of the Constitution of Ohio not well taken.  This court does not agree with the reasoning found in *Alliance Group, Inc.*, first, because this court believes that the first paragraph of Section 5(B), Article IV of the Constitution of Ohio provides an implied recognition of the authority of the General Assembly to make laws regulating procedure of courts in areas where the Supreme Court has not promulgated rules of procedure, and, second, that the unauthorized practice of law is a matter of substantive law, not procedural law.

{¶ 11}  Concerning the issue of whether the General Assembly can enact any kind of laws relating to procedure in Ohio's courts, this court agrees that there is no express provision in the Constitution of Ohio expressly providing for the enactment of laws of procedure governing cases in Ohio's courts; however, it is a fact that over the length of Ohio history up to the passage of the Modern Courts Amendment of 1968, a large portion of civil and criminal procedure, and admissibility of evidence, was governed by statutory enactment.  This situation clearly changed with the addition of Section 5(B), Article IV, which was added to the Constitution of Ohio by the Modern Courts Amendment of 1968.  However, the Modern Courts Amendment did not automatically repeal all laws regulating procedure in courts passed by the General Assembly existing prior to that

amendment, as Section 5(B), Article IV of the Constitution states that all laws *in conflict with such rules* shall be of no force or effect after such rules have taken effect. This language indicates a continued ability of the General Assembly to pass laws governing procedure in Ohio's courts, so long as such laws do not conflict with the rules of procedure promulgated by the Ohio Supreme Court.

{¶ 12} The actions of both the Ohio legislature and the Ohio Supreme Court seem to reflect this recognition of a limited continuing authority of the General Assembly to regulate certain aspects of procedure in Ohio courts. As to civil procedure, the Ohio Supreme Court, in promulgating the Ohio Rules of Civil Procedure, has created exceptions to the applicability of those rules in actions for appropriation of property, actions in forcible entry and detainer, small claims matters under R.C. Chapter 1925, uniform reciprocal support actions, the commitment of the mentally ill, and in all other special statutory proceedings. See Civ.R. 1(C). As to criminal procedure, the Supreme Court has created exceptions to the applicability of the Ohio Rules of Criminal Procedure in matters relating to the extradition and rendition of fugitives, upon the application and enforcement of peace bonds, proceedings for forfeiture of property, and proceedings upon the collection of fines and penalties. Crim.R. 1(C). As to the Rules of Evidence, Evid.R. 101(C) contains exceptions to the application of the Rules of Evidence in special nonadversary statutory proceedings and small claims proceedings in county and municipal courts.

{¶ 13} The General Assembly has continued to enact laws regulating procedure for Ohio courts in limited situations subsequent to the Modern Courts Amendment. To point out some examples, in small claims proceedings, the legislature has created a particularized summons to be served upon the defendant in small claims cases, pursuant to R.C. 1925.05(A), and has provided a special time limit for the filing of counterclaims or cross-claims in R.C. 1925.02(C). The General Assembly has provided for a particularized type of summons and service of process in forcible entry and detainer actions in R.C. 1923.06.

{¶ 14} In *George Shima Buick, Inc. v. Ferencak* (Dec. 17, 1999), Lake App. No. 98–L–202, 1999 WL 1313675, dismissed on procedural grounds (2001), 91 Ohio St.3d 1211, 741 N.E.2d 138, the Eleventh District Court of Appeals held that R.C. 1925.17 does not usurp the Supreme Court's authority to make rules governing the courts or the practice of law in Ohio but, in certain aspects, it is consensually excluded therefrom by Civ.R. 1(C)(4), as prescribed by the Supreme Court and acceded to by the General Assembly pursuant to Section 5(B), Article IV of the Constitution of Ohio. Although this court does not agree with the court in *George Shima Buick, Inc.* that R.C. 1925.17 does not usurp the Supreme Court's authority governing the practice of law in Ohio, the court does agree with that decision that R.C. 1925.17 does not violate the Supreme Court's authority to

make rules governing the courts in Ohio, pursuant to the first paragraph of Section 5(B), Article IV of the Constitution of Ohio.

{¶ 15} For the above-stated reasons, this court respectfully disagrees with the holding in *Alliance Group, Inc. v. Rosenfield* that the General Assembly lacks any authority to promulgate rules of procedure for Ohio Courts. This court holds that the General Assembly has the authority to promulgate laws relating to matters of procedure governing Ohio courts, pursuant to the authority implied by the first paragraph of Section 5(B), Article IV of the Constitution of Ohio, so long as such laws are not in conflict with the rules of procedure promulgated by the Ohio Supreme Court under Section 5(B), Article IV of the Constitution of Ohio.

{¶ 16} While this court does not agree with the decision of *Alliance Group, Inc. v. Rosenfield* as to the issue of the legislature being able, in some instances, to promulgate laws regulating procedure in the courts of Ohio, this court does agree with the court as to the issue of R.C. 1925.17 impinging upon the authority of the Ohio Supreme Court to determine what persons may practice law in the courts of this state.

{¶ 17} The second paragraph of Section 5(B), Article IV of the Constitution of Ohio states:

{¶ 18} "The supreme court * * * shall make rules governing the admission to the practice of law and discipline of persons so admitted."

{¶ 19} Section 2(B)(1)(g), Article IV of the Constitution of Ohio states:

{¶ 20} "The supreme court shall have original jurisdiction in the following:

{¶ 21} "* * *

{¶ 22} "(g) Admission to the practice of law, the discipline of persons so admitted, and all others matters relating to the practice of law."

{¶ 23} These above-stated provisions of the Constitution of Ohio make it clear and unambiguous that only the Ohio Supreme Court has the authority to determine which persons may practice law in the courts in the state of Ohio. The Ohio Supreme Court has exclusive original jurisdiction to determine who is authorized to practice law in Ohio, pursuant to Section 2(B)(1)(g), Article IV of the Constitution of Ohio. *Cleveland Bar Assn. v. Picklo*, 96 Ohio St.3d 195, 772 N.E.2d 1187, 2002-Ohio-3995.

{¶ 24} The court in *Alliance Group, Inc.* relied upon *Washington Cty. Dept. of Human Serv. v. Rutter* (1995), 100 Ohio App.3d 32, 651 N.E.2d 1360 (Washington Cty.), which held R.C. 1925.18(A)(1) unconstitutional, stating that the General Assembly has no authority to authorize laypersons to appear before the courts of this state in a representative capacity for another entity. The court in *Alliance Group, Inc.* pointed out that the only distinction between R.C. 1925.18 and R.C.

1925.17 is that R.C. 1925.18 ostensibly permitted a layperson to represent her government agency while R.C. 1925.17 ostensibly permits a layperson to represent his corporation. The reasoning found in *Washington Cty. Dept. of Human Serv. v. Rutter* is fully applicable to the analysis of R.C. 1925.17, and this court finds the reasoning set forth in that case to be persuasive.

{¶ 25} The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of those actions and proceedings on behalf of clients before judges and courts, and, in addition, conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law. *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650.

{¶ 26} Based upon the above-stated authority, this court holds that R.C. 1925.17, which permits a corporation, through any bona fide officer or salaried employee, to file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, to be unconstitutional and in violation of the exclusive original and exclusive authority of the Ohio Supreme Court to govern what persons may engage in the practice of law in this state, pursuant to Section 2(B)(1)(g) and the second paragraph of Section 5(B), Article IV, Constitution of Ohio.

{¶ 27} This court, in having found R.C. 1925.17 to be unconstitutional, must now determine what is to become of the judgment rendered in this case on September 11, 2002. In this regard, the procedural status of this case is very similar to the status of the case faced by the court in *Alliance Group, Inc. v. Rosenfield,* supra, in that the challenge to constitutionality of R.C. 1925.17 occurred after judgment had already been rendered in the case. The court in *Alliance Group, Inc.* held that the challenge to the constitutionality of the statute was allowed in that it was presented as a challenge to subject-matter jurisdiction of the trial court, which objection may be raised at any time, see Civ.R. 12(H)(3). The court in *Alliance Group, Inc.* found that the constitutional challenge could be raised after the granting of judgment, and this court agrees.

{¶ 28} The court in *Alliance Group, Inc.* decided that the judgment rendered by the trial court was, at a minimum, voidable and could possibly be void, citing *Union Sav. Assn. v. Home Owners Aid* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558.

{¶ 29} The court in *Tradesmen Internatl. v. Bridge* (Feb. 6, 1998), Lake App. No. 96–L–072, 1998 WL 172834, disagreed with the holding in *Alliance Group,*

*Inc.* that the small claims court lacks subject-matter jurisdiction over claims filed by corporate officers on behalf of the corporation. The court in *Tradesmen Internatl.* so found because a breach-of-contract action is clearly within the subject-matter jurisdiction of a small claims court. The court went on to state that a claim filed by a nonattorney in a small claims case is a mere procedural error that does not deprive the court of jurisdiction.

{¶ 30} On this issue, the court finds the reasoning contained in *Alliance Group, Inc. v. Rosenfield* to be persuasive and the reasoning of *Tradesmen Internatl. v. Bridge* not persuasive. The court so finds because the unauthorized practice of law is not a mere procedural problem; rather, the ability to represent another person or entity in a court of law is a matter of substantive law. The reason this court lacks subject-matter jurisdiction is not because this court is unable to hear cases involving breach of contract. Clearly this court does have such authority. However, this court lacks subject-matter jurisdiction because, quite simply, no complaint has been filed on behalf of the plaintiff, a corporation, by any person legally authorized to do so. Without the filing of a complaint by a person authorized by law to do so, the subject-matter jurisdiction of this court is not triggered. The filing of such a complaint is, indeed, a nullity. *Union Sav. Assn. v. Home Owners Aid,* supra.

{¶ 31} This court finds the judgment rendered in this case to be void. The appropriate remedy is vacation of the judgment and dismissal of the complaint without prejudice.

{¶ 32} The motion to set aside judgment is sustained.

{¶ 33} The judgment rendered in favor of the plaintiff against the defendant on September 11, 2002, is vacated.

{¶ 34} The complaint in this case will be dismissed without prejudice, meaning that the plaintiff may bring another lawsuit against the defendant on its breach-of-contract claim if the lawsuit is brought by a properly licensed attorney at law.

Judgment vacated.