{¶ 16} I respectfully dissent.
 {¶ 17} The State of Ohio, Department of Health, filed a complaint and motion for preliminary injunction alleging that Appellant, SDG, Inc., handled and possessed radioactive material without a license, and furthermore had failed to abide by a May 31, 2002 emergency adjudication order. The Director of the Department of Health apparently was assured by Dr. W. Blair Geho, the "radiation safety officer," self-announced president of SDG, Inc., and ten-percent owner of SDG, Inc., that the actions and omissions giving rise to the State's litigation would be remedied by Dr. Geho. Therefore, the Department of Health dismissed the complaint without prejudice. For three months from the date of the dismissal, SDG, Inc. and Dr. Geho did not comply with their agreement.
 {¶ 18} The State refiled the complaint, and at a May 6, 2003 hearing Dr. Geho appeared, without counsel, "on behalf of SDG, Inc." and obtained and extension until September 1, 2003 to comply with the Department of Health's new suit. Dr. Geho, on behalf of SDG, Inc., entered into a stipulation, admitting to all facts alleged by the State, agreeing that SDG, Inc. was in violation of the emergency adjudication order, and admitted that all of the State's exhibits were authentic and accurate.
 {¶ 19} The judge requested that the parties enter into a consent decree, which the State and Dr. Geho agreed could be mailed to Dr. Geho's residence for his signature, and not to the place of business of SDG, Inc. SDG, Inc. did not comply with this consent decree, and on September 7, 2003, the State filed a motion for enforcement of the consent decree. A hearing was scheduled for October 8, 2003, and Dr. Geho went to court to request a continuance until October 21, 2003. No one appeared at that October 21, 2003, hearing.
 {¶ 20} This case presents a classic case of the illegal and illegitimate practice of law by a non-attorney, supposedly on behalf of SDG, Inc., a corporate legal entity. Dr. Geho is apparently the safety officer of the company and president, but only a ten-percent owner of SDG, Inc. He not only stalled the case for a year, appearing as SDG, Inc., pro se, but also arranged to have legal papers sent to his house, and not to the corporate offices. What do the remaining 90% shareholders know of this? Dr. Geho has bound the corporation to a consent decree that acknowledges serious violations of state law and a crushing potential financial penalty on SDG, Inc.
 {¶ 21} While the usual rule is that a matter not raised in the trial court cannot be raised on appeal, that would certainly defeat Ohio's constitutional provisions regarding the practice of law. The courts of Ohio are specifically charged with enforcing the requirement that only lawyers can practice law in Ohio. See Section 2(B)(1)(g), Article IV, Ohio Constitution. It is ironic indeed that in this case the State's chief law enforcement official is the adverse party to the non-lawyer, pro se, litigator.
 {¶ 22} The Ohio Revised Code clearly prohibits non-lawyers from litigating on behalf of a corporation. R.C. 4705.01. Specifically, R.C. 4705.01 provides:
"No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. Except as provided in section 4705.09 of the Revised Code or in rules adopted by the supreme court, admission to the bar shall entitle the person to practice before any courtor administrative tribunal without further qualification orlicense." (Emphasis added.)
 {¶ 23} The Ohio Supreme Court in Union Savings Assoc. v.Home Owners Aid, Inc. (1970), 23 Ohio St.2d 60, syllabus, held that "[a] corporation cannot maintain litigation in propriapersona, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law." While we cannot be certain from the record, this case may well represent an extreme example of one reason corporate officers who are not attorneys may not represent a corporation. Based on the facts as they are before us, it is very possible that the 90% shareholders of SDG, Inc. may have been totally unaware of the stalling, granting of consent decrees, and possibly not even the initial citation in this case. Worse, they may not know of the consent decree with its various financial penalties.
 {¶ 24} I would conclude that the relief granted to the State is null and void and that the matter should be remanded for proceedings, in which the corporate entity has legal counsel.