OPINION
{¶ 1} Appellant, Ohio Liquor Control Commission ("commission"), appeals from a judgment of the Franklin County Court of Common Pleas which reversed the commission's revocation of the liquor license of appellee, Steelton Village Market, Inc. ("market"), for selling beer to a person under the age of 21 in violation of R.C. 4301.69(A).
 {¶ 2} According to the investigative report submitted as part of the record of this case, the market held a class C-1-2 liquor permit for an IGA grocery store located at 366 Reeb Avenue in Columbus. In June 2002, Columbus vice detectives utilized an underage confidential informant to enter the IGA and purchase a six-pack of beer. Although the cashier looked at the confidential informant's driver's license, which clearly indicated that the informant was not yet of age, the cashier rang up the purchase anyway and the informant paid for the beer. Vice detectives then entered and identified themselves to William Shook, who stated he was the owner of the market. The detectives issued a summons to the cashier for one count of sale to an underage person, and the beer and receipt were sent to the Columbus Police Department property room along with a request for a chemical analysis of the beer. The Ohio Department of Public Safety, Liquor Enforcement Department ("department"), then notified the market that the commission would conduct a hearing to determine whether to suspend or revoke the market's liquor permit based upon the charge of sale to an underage person.
 {¶ 3} At the December 2002 hearing, William Shook appeared on behalf of the market. Shook is not an attorney, but represented to the commission that he is the permit holder. The following colloquy took place:
[Q]: Will you state your name.
[A]: William Shook, S-H-O-O-K.
[Q]: And you are?
[A]: Permit Holder.
[Q]: Permit Holder. Do you wish to admit to the charges today?
[A]: Yes.
[Q]: State will move for the admission of Exhibit A, the notice of hearing to show the violation, and B, the postal return card and Mutual Exhibit 1 as the investigator's report; is that correct?
[A]: Yes.
[Chairman of Commission]: I'm sorry, this is an admission?
[A]: Yes.
[Chairman]: Sale was to a 20-year-old. 20-year-old presented ID showing the person to be 20 years old and made the sale anyway. The ID said under 21 until May of 2003.
Statement?
[A]: Yes. That employee is no longer with us, as I have done with the previous violations. And I'm in the final stages of selling the business. And the new owner has stated they are going to install scanners, so you shouldn't see this name down here again.
 {¶ 4} The members of the commission then agreed on the record that there was sufficient evidence of a violation, and named four previous instances of under-age sales on the premises. The commission then asked Shook whether he wanted to make a statement prior to the imposition of a penalty, and he reiterated that he was "in the final negotiations to sell the business. I can't take any more penalties." The hearing then concluded.
 {¶ 5} Based upon statements by Shook and the contents of the investigator's report, the commission issued an order revoking the market's liquor permit, and the market appealed to the trial court. Following R.C. 119.13 and Union Savings Assn. v. HomeOwners Aid (1970), 23 Ohio St.2d 60, syllabus, the trial court found that Shook was not authorized to admit to the violations or represent the permit holder because the market is a corporation and Shook is not an attorney. Thus, the court held that Shook could not admit to the violations or stipulate to the investigator's report so there was no legally sufficient evidence before the commission supporting its order revoking the market's license.
 {¶ 6} The commission has appealed from the order of the trial court reversing the revocation of the market's license, and assigns the following as error:
FIRST ASSIGNMENT OF ERROR
The Lower Court Erred By Incorrectly Interpreting The Holding In Union Savings Assoc. v. Home Owners Aid, Inc. (1970),23 Ohio St.2d 60.
SECOND ASSIGNMENT OF ERROR
The Lower Court Erred In Reversing The Orders Of The Ohio Liquor Control Commission, As The Orders Are Supported By Reliable, Probative, And Substantial Evidence And Are In Accordance With Law.
These assignments of error are related and will be addressed together.
 {¶ 7} In Dave's Drive Thru, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 03AP-136, 2003-Ohio-4514, at ¶ 5-6, this court noted the applicable standards of review for a trial court and an appellate court in reviewing an administrative appeal under R.C. 119.12, stating in relevant part:
In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108,407 N.E.2d 1265.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985),27 Ohio App.3d 214,500 N.E.2d 362. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. Buckeye Potato Chips Co. (1983),11 Ohio App.3d 159,463 N.E.2d 1280. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College ofMedicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339,587 N.E.2d 835.
 {¶ 8} R.C. 119.13 provides, in part:
At any hearing conducted under sections 119.01 to 119.13 of the Revised Code, a party or an affected person may be represented by an attorney or by such other representative as is lawfully permitted to practice before the agency in question, but, except for hearings held before the state personnel board of review under section 124.03 of the Revised Code, only an attorney atlaw may represent a party or an affected person at a hearing atwhich a record is taken which may be the basis of an appeal tocourt.
(Emphasis added.)
 {¶ 9} This statute has been interpreted as requiring that an attorney represent a corporate party in a liquor control case.KY Corp. v. Ohio State Liquor Control Comm. (Aug. 16, 2001), Franklin App. No. 01AP-219. In that case, the manager of a liquor permit premises appeared at the hearing and explained that the business owner was out of town. The commission did not permit the manager to speak at the hearing because he was not authorized to appear on behalf of the permit holder, and the commission found a violation in the absence of an appearance by the permit holder. Both the trial court and this court affirmed the commission's determination that it was not required to allow the manager to speak for the permit holder.
 {¶ 10} The commission argues that the appearance of Shook on behalf of the permit holder in this case should not have affected its outcome, since Shook's conduct did not constitute the type of appearance or representation which normally would be undertaken by an attorney. In support, the commission directs us to Lindnerv. Ohio Liquor Control Comm. (May 31, 2001), Franklin App. No. 00AP-1430. In that case, the husband of a non-corporate permit holder appeared at the hearing to admit the charge of permitting gambling on a licensed premises. Although the department's evidence was scant, the commission found against the permit holder, and the trial court agreed. This court affirmed, stating:
Mr. Lindner, who was the manager of the permit premises, merely showed up at the hearing to admit to the charges lodged against his wife/appellant, the permit holder. He was not there to "represent" appellant in any way that could be considered legal representation such that an attorney would do.
The practice of law embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients and, in general, all advice to clients and all action taken for them in matters connected with the law. [Citations omitted.] Mr. Lindner simply did not intend to nor did he engage in such activities. Therefore, the mandate in R.C. 119.13 is not implicated, and there was no error at the commission hearing in regard to Mr. Lindner's presence there and his admission to the charges on behalf of appellant.
 {¶ 11} Lindner focused on whether the admission by the husband was unauthorized practice of law, and this court found that the husband did not engage in the unauthorized practice of law by entering an admission. The unsworn and unauthenticated investigator's report was admitted into evidence by the commission. This court affirmed the trial court's finding that the commission's order concluding there was a violation was supported by reliable, probative and substantial evidence.
 {¶ 12} In SP Lebos, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 03AP-447, 2004-Ohio-1613, the only evidence was an admission by an individual, Ms. Hammett, on behalf of a corporation. This court stated that the commission was not prohibited from considering the statements the individual made before the commission, but we did not address whether Ms. Hammett had authority to enter the admission.
 {¶ 13} In the present case, focusing on the admission by Shook, we must consider whether the admission itself was proper and whether it could be the basis for the finding of sufficient evidence for a violation, since the unsworn, unauthenticated investigator's report should not have been considered. An admission does not necessarily constitute the practice of law. Admissions by a corporation are only admissible if made by an authorized agent of the corporation, i.e., admissions by the president of a corporation or an agent authorized by the board of directors may be admissible against a corporation. Actions other than admissions of fact would most likely constitute the practice of law.
 {¶ 14} Here, while Shook is not an attorney and cannot represent the corporation, if we were to assume he did have authority to make admissions of fact, the corporation could be held liable. However, the record in this case is silent as to whether Shook had actual authority to make an admission on behalf of the corporation. Under these circumstances, we find that the commission should have excluded Shook's alleged admission from consideration. Further, we find that the trial court did not err in its interpretation of Union Savings, supra, in concluding that only an attorney was permitted to represent the corporation at the hearing.
 {¶ 15} Inasmuch as no one appeared on behalf of the department to authenticate the investigator's report, the facts contained in the report are inadmissible. Further, the sole basis for the commission's finding of a violation was Shook's admission. However, in the absence of proof that Shook was authorized to make admissions on behalf of the permit holder, and absent evidence from the investigator's report, there could be no finding of a violation. See Goldman v. State Med. Bd. of Ohio
(1996), 110 Ohio App.3d 124, 129. Accordingly, the trial court did not abuse its discretion in finding that the order of the commission was not supported by reliable, probative and substantial evidence and was not in accordance with law.
 {¶ 16} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BOWMAN, J., concurs separately. KLATT, J., dissents.