DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the October 8 and November 4, 2004 judgments of the Norwalk Municipal Court, which granted judgment in favor of appellee, Norwalk MK, Inc., and denied the motion of appellant, Darlyss McCormick, to vacate that judgment. Finding that the municipal court lacked subject matter jurisdiction to hear the claim because it was filed by an officer of the appellee corporation, we reverse the decision of the lower court.
 {¶ 2} Appellant asserts the following assignments of error on appeal:
 {¶ 3} "I. The trial court erred in considering parole evidence to modify the receipt received by the defendant.
 {¶ 4} "II. The trial court erred in failing to vacate the judgment where the court lacked subject matter jurisdiction.
 {¶ 5} "III. The trial court's judgment was against the manifest weight of the evidence."
 {¶ 6} Appellee, Norwalk MK, Inc. filed a claim in small claims court to recover $2,500, plus interest, from appellant, Darlyss H. McCormick. Appellant had signed an agreement to pay $2,500 down toward the purchase of a vehicle from appellee. On October 8, 2004, the court granted judgment in favor of appellee. Appellant then moved to vacate that judgment on the ground that because appellee is a corporation, it could not file its claim or enter an appearance through an officer of the corporation rather than an attorney for the corporation. Therefore, appellant argued that the municipal court lacked jurisdiction to hear the claim. On November 4, 2004, the court denied appellant's motion to vacate its prior order. Appellant then sought an appeal to this court.
 {¶ 7} We begin by addressing appellant's second assignment of error because it relates to the court's subject matter jurisdiction. R.C.1925.17, effective in 1969, provides that a corporation may commence an action in small claims court by having an officer or salaried employee file and present its claim. However, the statute prohibits the officer or employee from engaging in cross-examination, argument, or other acts of advocacy.
 {¶ 8} Some courts have held that this statute is unconstitutional because the legislature has determined who may practice law in Ohio, a violation of the separation of powers doctrine. ABC Check Cashing, Inc.v. Leader Builders, Inc. (April 22, 1999), 8th Dist. App. No. 73969, at 7-8 (adopting Alliance Group, infra, while determining other issues);Tradesmen Internatl. v. Bridge (Feb. 6, 1998), 11th Dist. App. No. 96-L-072, Christley, J., dissenting at 14; Alliance Group, Inc. v.Rosenfield (1996), 115 Ohio App.3d 380, 387; Iberia Cabinet Mfg. Co.v. Walston, 121 Ohio Misc.2d 121, 2002-hio-7450, at ¶ 24-26 (adopting in part the holding of Alliance Group, supra, that R.C. 1925.17 is unconstitutional and rejecting the holding that the legislature did not have authority to promulgate rules of procedure for Ohio courts). A judgment rendered based upon the improper complaint is a nullity because the court's subject matter jurisdiction was never properly invoked.Alliance Group, Inc. v. Rosenfield (1996), 115 Ohio App.3d 380,387-388.
 {¶ 9} The appellate courts have reached similar results in cases involving similar statutes. Washington Cty. Dept. of Human Services v.Rutter (1995), 100 Ohio App.3d 32, at 37 (declaring unconstitutional R.C. 1925.18(A), which permits the prosecuting attorney to designate an employee of the Department of Human Services to file and present a claim or defense of the department in small claims court); In the matter of theBureau of Support v. Brown (Nov. 6, 2001), 7th Dist. App. No. 00AP0742, at 10-11 (holding that the director of the bureau of support violates Civ.R. 11 when he files a motion regarding child support arrearages even though the bureau has the authority to bring an action to recover the support arrearage under R.C. 3123.18); and C.R. Truman, L.P. v. CuyahogaCty. Bd. of Revision (July 27, 2000), 8th Dist. App. No. 76713, at 9 (holding that R.C. 5715.19 is unconstitutional because it violates the doctrine of separation of powers by authorizing an officer of a corporation to file a tax complaint).
 {¶ 10} In Tradesmen Internatl. v. Bridge (Feb. 6, 1998), 11th Dist. App. No. 96-L-072, at 8, the eleventh district rejected the reasoning inAlliance Group, supra, and held that the failure to file a proper compliant is a procedural error that can be waived. More recently, the Eleventh District Court of Appeals went further and held that R.C. 1925.17
is constitutional because the statute was designed merely to eliminate the need for a corporation to hire counsel to file small claims matters.George Shima Buick, Inc. v. Ferencak (Dec. 17, 1999), 11th Dist. App. No. 98-L-202, at 6.
 {¶ 11} The Ohio Supreme Court acknowledged the conflict between the districts when it accepted the appeal from George Shima Buick, Inc. v.Ferencak (2000), 88 Ohio St.3d 1500. However, the court later dismissed this appeal on the ground that it lacked jurisdiction to hear the appeal because the Attorney General was never served with notice that the constitutionality of a statute was challenged. George Shima Buick, Inc.v. Ferencak (2001), 91 Ohio St.3d 1211, 1212. Later, the court acknowledged that it had erred by dismissing the case. Cleveland BarAssoc. v. Picklo, 96 Ohio St.3d 195, 2002-Ohio-3995, at ¶ 6.
 {¶ 12} Upon a review of the issue, we find persuasive those cases that have found R.C. 1925.17 to be unconstitutional. We agree that, based upon the doctrine of separation of powers, the legislature cannot authorize a lay person to represent another in a legal action. Appellant's second assignment of error is well-taken. We also agree with the reasoning that the municipal court lacks subject matter jurisdiction when a claim is initiated by an officer of a corporation. The court's judgment in this case was void ab initio. Consequently, we find appellant's other two assignments of error moot.
 {¶ 13} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Norwalk Municipal Court is reversed. This matter is remanded to the lower court for further proceedings consistent with this judgment entry. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. Concur.