ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. The court entered judgment in favor of plaintiff Seitz Builders when defendant Kaplan Mechanical Corporation failed to obtain counsel by the court's deadline. Kaplan filed a motion for relief from judgment under Civ.R. 60(B), claiming excusable neglect in that an attorney it contacted represented that the court would grant an additional period of time in which to obtain counsel. The court denied the motion and the assigned error contests that order.
 {¶ 2} Ordinarily, the court has no authority to dismiss an action based on the failure of a party to obtain legal counsel. See Svoboda v. Brunswick (1983), 6 Ohio St.3d 348. However, being a corporation, Kaplan could not represent itself at trial through one of its officers. Union Savings Assn. v. Home OwnersAid (1970), 23 Ohio St.2d 60, syllabus. When Kaplan's attorney filed his second motion to withdraw as Kaplan's counsel just seven days before the July 21, 2005 trial date, the court granted the motion to withdraw and continued trial with the admonition that Kaplan secure new counsel by August 31, 2005 "or judgment will be entered against them [sic.]."
 {¶ 3} Kaplan offered an affidavit in which he claimed that once his attorney successfully withdrew from the case, he turned to another attorney for advice. That attorney refused to take the case for trial, but apparently contacted the court to seek an extension of the court's deadline for obtaining new counsel. The second attorney submitted an affidavit in which he said he told Kaplan that he would attempt to conduct settlement negotiations. This attorney claimed that the court's staff attorney said that she had spoken with the court and it agreed that it would permit "a few weeks to explore settlement and that I should report back to her as to the status thereafter." The second attorney contacted Seitz's attorney to explore settlement. Despite the staff attorney's representations, the court entered judgment just three days later. When the second attorney contacted the staff attorney to inquire why the court had granted judgment, the staff attorney had no explanation.
 {¶ 4} We find the court abused its discretion by denying relief from judgment under these circumstances. While we continue to adhere to the rule that the court speaks only through its journal, the facts submitted in the affidavits in support of the motion for relief from judgment are compelling enough that they suggest the court itself, through its staff, induced Kaplan's actions. It may be that the court had other reasons for not granting the motion, particularly in light of the allegations made by Kaplan's first attorney in support of his motion to withdraw. But the court did not state any reasons for denying the motion, and none are manifest on this record.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Calabrese, Jr., J., Concur.