Toledo Bar Association *v.* Joelson.

[Cite as *Toledo Bar Assn. v. Joelson,* 114
Ohio St.3d 425, 2007-Ohio-4272.]

(No. 2007–0636—Submitted May 23, 2007—Decided August 29, 2007.)

**Per Curiam.**

{¶ 1} Relator, the Toledo Bar Association, charged that respondent, Harlan M. Joelson of Holland, Ohio, engaged in the unauthorized practice of law by representing Team Sports, Inc., in four lawsuits filed in the Toledo Municipal Court, General Division. The Board on the Unauthorized Practice of Law has recommended that we enjoin respondent from practicing law in Ohio without a valid license. On review, we find that respondent engaged in the unauthorized practice of law and agree that an injunction is appropriate.

{¶ 2} Respondent has not been admitted to the practice of law in Ohio. According to the parties' stipulations and waiver of notice and hearing, however, respondent prepared, signed, and filed in the municipal court in March 2006 a document purporting to be a complaint on behalf of Team Sports, Inc. In the document, respondent claimed that two customers owed the company more than $6,000 for sporting goods and services. Later that month, respondent also filed a letter asking the municipal court clerk to amend his initial pleading by adding four additional customers as defendants. In May 2006, respondent again wrote to the municipal court clerk and asked her to "dismiss the action in full and with prejudice."

{¶ 3} The parties also stipulated that respondent attempted to bring three other legal claims in the municipal court on behalf of Team Sports, Inc. Respondent prepared, signed, and filed in March 2006 a second document purporting to be a complaint against two defendants for more than $10,000 allegedly owed for sporting goods and services. Respondent prepared, signed, and filed in April 2006 a third document purporting to be a complaint against three defendants for more than $3,000 allegedly owed for apparel, promotional products, and services. In that case, respondent attempted to defend his unlicensed legal practice in response to a motion for dismissal and a request for attorney fees and expenses. Finally, in the fourth case, respondent prepared,

signed, and filed in August 2006 a document purporting to be a complaint against two additional defendants for more than $7,000 allegedly owed for sporting goods and services.

{¶ 4} The board found, based upon the stipulations and respondent's admissions, that respondent had engaged in the unauthorized practice of law by acting on behalf of Team Sports, Inc. We adopt the board's findings of fact and conclusions of law. We also adopt the recommendation for an injunction.

{¶ 5} Section 2(B)(1)(g), Article IV, Ohio Constitution, confers on this court original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law. A person who is not admitted to the practice of law pursuant to the Supreme Court Rules for the Government of the Bar engages in the unauthorized practice of law when he or she provides legal services to another in this state. Gov.Bar R. VII(2)(A); see also R.C. 4705.01.

{¶ 6} The practice of law is not limited to appearances in court. It also embraces the preparation of papers that are to be filed in court on another's behalf and that are otherwise incident to a lawsuit. *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 193 N.E. 650. And with limited exception, see *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (allowing a nonlawyer to prepare and file a complaint in small-claims court on behalf of a limited-liability company of which the nonlawyer and his wife were the only members, provided the nonlawyer did not engage in argument or other acts of advocacy), the unauthorized practice occurs when a layperson renders legal services for another person or corporate entity by attempting to manage legal actions and proceedings before courts of law. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 703 N.E.2d 771; *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558. By preparing legal papers to be filed in the Toledo Municipal Court on behalf of Team Sports, Inc., respondent engaged in the unauthorized practice of law.

{¶ 7} Relator did not request imposition of the civil penalty permitted under Gov.Bar R. VII(8)(B). See UPL Reg. 400(F)(1). We see no reason to impose this sanction inasmuch as respondent has cooperated in the board proceedings, no evidence shows that he caused significant harm on the occasions that he engaged in the unauthorized practice of law, and he has ceased such practice. See UPL Reg. 400(E) and (F)(4)(a) through (d). Accord *Cleveland Bar Assn. v. Para-Legals, Inc.*, 106 Ohio St.3d 455, 2005-Ohio-5519, 835 N.E.2d 1240.

{¶ 8} We therefore enjoin respondent from filing claims on behalf of Team Sports, Inc., and from all other acts constituting the unlicensed practice of law in Ohio.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Jonathan B. Cherry, Bar Counsel, and Gregory B. Denny, for relator.

Harlan M. Joelson, pro se.