OPINION
{¶ 1} Appellants, the Ohio Liquor Control Commission ("commission") and the City of Brecksville ("city"), appeal from the judgment of the Franklin County Court of Common Pleas reversing an order of the commission denying an application by appellee, Bagley Interstate 71 Enterprises Inc. ("Bagley"), for new C-1 and C-2 liquor permits.[1] Bagley sought the permits in order to sell beer and wine at its Brecksville Shell Station.
 {¶ 2} Bagley's application is opposed by the city and by representatives of a nearby school, with the result that the superintendent of the Division of Liquor Control sustained the objections and denied the application. In her order denying the application, the superintendent listed the following grounds for the denial:
1) The place for which the permit is sought is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace or good order would result from the issuance of the permit and operation thereunder by the applicant. R.C. 4303.292(A)(2)(c).
2) The place for which the permit is sought is so situated with respect to the Central School that the operation of the liquor establishment will substantially and adversely affect or interfere with the normal, orderly conduct of the affairs of this institution. R.C. 4303.292(B)(1).
3) The applicant would operate the proposed business and liquor permit business in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state. R.C.4303.292(A)(1)(b).
* * *
4) The Division also denies and rejects the new application as authorized or required by law. R.C. 4301.10(A)(2) and O.A.C.4301:1-1-12(B).
 {¶ 3} In response to this decision, Bagley requested and received a de novo hearing before the commission, at which testimony was given by the city's mayor and safety director, two members of the Brecksville police department, and the principal and PTA president of the nearby school. Each of these witnesses stated concerns regarding the proximity of the school to the station, the fact that young people tend to congregate in the area, past incidents at the station of underage tobacco sales and illegal bingo machine ticket sales, past incidents of off-duty employees being arrested or cited on the premises for disorderly conduct and drug sales, and the potential for increased traffic and drunk drivers. On behalf of Bagley, John Harwick, manager of the station, and Jerome Gorczyca, owner, both testified regarding the precautions the company would take to address these concerns and prevent future problems. In February 2001, the commission issued an order affirming the division's denial of the application, and Bagley appealed to the common pleas court.
 {¶ 4} After reviewing the evidence, the common pleas court found that the only evidence presented in the matter consisted of "unsubstantiated concerns of the City of Brecksville's witnesses that the issuance of a liquor license would impact either the school or the neighborhood adversely." Relying upon this court's holding in Service Station Holdings, Inc. v. Liquor ControlComm. (June 27, 1996), Franklin App. No. 96APE01-22 ("ServiceStation Holdings, Inc., I"), the court determined that those opposing the permits presented only general, speculative evidence which was insufficient to establish that granting the permits would substantially interfere with public decency, sobriety, peace or good order. The court further found that Bagley had established that the business would be operated with safeguards intended to prevent unlawful sales of alcoholic beverages, and that the past incidents of drug sales and illegal bingo ticket sales on the premises were isolated incidents which Bagley had addressed, rendering them irrelevant to the question of whether to grant the permit application. The court concluded: "[T]here is simply no reliable, probative, or substantial evidence that this permit should not have been issued."
 {¶ 5} The commission now assigns the following as error:
Assignment of Error I: The Lower Court impermissibly substituted its judgment for that of Ohio Liquor Control Commission and erroneously found that there was no reliable, probative and substantial evidence to support the denial of the issuance of a liquor license.
Assignment of Error II: The Lower Court erred as a matter of law in its interpretation and application of Our Place, Inc.vs. Liquor Control Commission and section 4303.292, revised code.
Assignment of Error III: The Lower Court erred by disregarding Bagley/Shell's misrepresentation to the city of Brecksville that if a zoning variance was granted they had no intention of selling alcoholic beverages at its premises.
 {¶ 6} Appellant, City of Brecksville, assigns the following errors:
Assignment of Error No. 1
The court of common pleas erred as a matter of law in its rejection of the standards enunciated in ohio revised Code Sec.4303.292, liquor commission rule 4301:1-1-52 and 4301:1-1-53 and further compounded these errors by improperly substituting its judgment for that of the Liquor Control Commission in its determination that the decision of the liquor control commission denying appellee's application for new C-1 and C-2 carry-out liquor permits was supported by no reliable, probative and substantial evidence.
Assignment of Error No. 2
The Lower Court erred as a matter of law in its interpretation and application of the ohio supreme court's decision in OurPlace v. Liquor Control Comm. and section 4303.292 of the ohio revised code.
Assignment of Error No. 3
The Lower Court erred by disregarding Bagley/Shell's misrepresentation to the City of Brecksville that if a zoning variance was granted they had no intention of selling alcoholic beverages at the proposed permit premises.
 {¶ 7} In administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108.
 {¶ 8} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985),27 Ohio App.3d 214. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong.Angelkovski v. Buckeye Potato Chips Co. (1983),11 Ohio App.3d 159. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339.
 {¶ 9} In Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d 570, the court addressed the quantum of evidence required to support the denial of a liquor permit application on the grounds of location. In particular, the court stated, at 572-573:
The testimony of witnesses opposing the permit * * * indicates that there could be substantial interference with the operation of schools in the area. The evidence is reliable in that there is a reasonable probability that it is true. It is probative in that it bears directly on the issue of the location of the permit and its interference with the operation of the * * * schools. It is substantial in that it has weight and importance in deciding the issue at hand. The commission's decision was therefore based on reliable, probative, and substantial evidence that the proposed permit location would interfere with the orderly conduct of schools in the area.
 {¶ 10} Since Our Place, this court has revisited the question of what evidence is reliable, probative or substantial when a new permit is sought. Although Service Station Holdings,Inc., I, cited by the trial court, and other cases have held that unsubstantiated fears or speculation regarding the impact a liquor license would have upon the surrounding community are not sufficient evidence that the issuance of the permit would interfere with public interests, this court also has recognized that evidence presented in opposition to applications for new permits, is, by definition, more speculative than evidence in cases of permit renewal or transfer applications. See SM AM,Inc. v. Ohio Liquor Control Comm. (May 22, 2001), Franklin App. No. 00AP-1298.
 {¶ 11} In the instant matter, the common pleas court relied upon our decision in Service Station Holdings, Inc., I, which held that testimony regarding traffic near and past crime at the gas station seeking the permit was merely "general speculation" and did not constitute reliable, probative and substantial evidence that the permit would be detrimental to the community. However, the facts in that case may be distinguished on the basis that the nearest church, school, and daycare center in that case were all approximately one mile away from the station.
 {¶ 12} The facts in the case at bar are more similar to those set forth in Service Station Holdings, Inc. v. Ohio LiquorControl Comm. (Feb. 20, 1997), Franklin App. No. 96APE08-1053 ("Service Station Holdings, Inc., II"). In that case, evidence showed a high school was located on another corner of the gas station's already busy intersection. Witnesses testified that the increased traffic generated by the availability of alcohol at the station would create a hazard to the students. The director in that case had denied the permit despite testimony by the station owner that utmost care would be used to avoid sales of alcohol to minors and that alcohol sales would not generate additional traffic, only an increase in revenues from patrons already frequenting the station.
 {¶ 13} In upholding the decision of the common pleas court affirming the commission's decision to deny the permit, this court found, in Service Station Holdings, Inc., II, that:
This testimony is not general, speculative evidence applicable as an argument against most permit applications. It is specific testimony of the current situation, past accidents at that location, and the significant interference with the public order that has already occurred and is reasonably likely to be exacerbated by the granting of the requested permit.
 {¶ 14} Similarly, in the case at bar, Jerry Ruby, the city's Mayor and Safety Director, testified that he objects to the permit based upon the close proximity of the church and school. He indicated that the station's property line is contiguous with that of the church, which is contiguous to that of the school, and that each day many of the fourth and fifth grade students attending the school walk past the station. In addition, he stated that the station has become a congregating point for young people, and that, if a permit were to be issued, he is concerned both that students will attempt to get adults to buy them alcohol and that inebriated drivers will be pulling in and out of the parking lot, creating a hazard for students. He also stated that, when the station originally obtained a zoning variance in order to operate a business in that location, the understanding was that no alcohol sale permit would be sought, and that the variance would not have been approved had alcoholic beverage sales been a part of the plan.
 {¶ 15} Sergeant William Goodrich of the Brecksville Police Department testified that he checks tobacco sales compliance for the city and that there have been two incidents of underage tobacco sales at the station. He also testified that an off-duty employee of the station was arrested for disorderly conduct while on station property socializing with a group of young people. Goodrich also told of two arrests outside the station for underage possession of alcohol and possession of marijuana. Goodrich stated that, as a DARE officer at the school, he has concerns that students at an impressionable age would be adversely affected by the sale of alcohol so close to the school.
 {¶ 16} Russell Lode, Detective Sergeant for the Brecksville Police Department, testified regarding an incident in which another employee of the station was arrested for selling cocaine behind the station, and that there was an incident involving a bingo machine illegally installed at the station for which the manager was prosecuted.
 {¶ 17} Nick Karpas, Principal of the Central Elementary School, testified that many of the students walk from the school to a nearby recreation center after school, and that he objects to the license for this reason. He stated that the school is used after school hours and in evenings for athletic groups, thus, even though alcohol sales may be more frequent at times when school is not in session, the increased traffic might still pose a hazard to school visitors. Karpas also expressed his concern that the station's past problem with selling tobacco to minors might also become a problem of selling alcohol to minors.
 {¶ 18} Lisa Witzeke, president of the school PTA, testified that students who walk home from school or who linger after school while waiting for a ride tend to congregate near the station, and that the sale of alcohol at the station would raise safety concerns.
 {¶ 19} John Harwick, manager of the station, explained the bingo machine incident as being one in which the machine was offered to the station as a charitable game to assist a nearby church, and that he had understood the station would derive no profit from it. Regarding the employee prosecuted for selling cocaine, he testified that he does not do background checks on employees unless he has reason to suspect something, and that the employee had come with a good recommendation and had not been a problem until his arrest. He stated that the cocaine sale occurred while the employee was off-duty.
 {¶ 20} Jerome Gorczyca, owner, testified that his business owns several service stations and that those stations having alcohol permits have not had any violations. He explained that he never agreed not to seek an alcohol permit when he obtained the zoning variance, and that he felt it was necessary to sell alcohol in order to maintain revenues at the station. He stated that he addressed the tobacco sales concerns by installing an identification verification machine, and that he would prevent underage sale of alcohol through a similar method. He said that the stations he owns which already have alcohol permits had not experienced an increase in traffic, since it was the customers who were already frequenting the station who were purchasing alcohol. He asserted that the violations and problems experienced at this particular station were due to the Brecksville police targeting him in a sting operation.
 {¶ 21} Reviewing all of the testimony before the commission, we find that the commission was justified in concluding the permit application was properly denied by the superintendent of the Liquor Control Division. Like the evidence in ServiceStation Holdings, Inc., II, those opposing the permits presented "specific testimony of the current situation, past accidents at that location, and the significant interference with the public order that has already occurred and is reasonably likely to be exacerbated by the granting of the requested permit." Like the evidence favored in Our Place, the testimony of these witnesses had direct bearing on the issue of the proposed permit location and the possible interference with the nearby school.
 {¶ 22} Thus, we find that the trial court abused its discretion in finding a lack of reliable, probative and substantial evidence that granting the requested permits would substantially interfere with public decency, sobriety, peace or good order, that the location of the station is so situated that its proximity to the school would adversely affect the activities at the school, and that the applicant would operate the liquor permit in a manner demonstrating a disregard for the laws of the state. We therefore sustain both appellants' first and second assignments of error.
 {¶ 23} Because we find the evidence presented on these points was sufficient to justify the denial of the permits, we need not address appellants' assignments of error dealing with the issue of whether an agreement not to sell liquor had been implicit or express in the negotiations surrounding the zoning variance granted to Bagley. We therefore overrule as moot both appellants' third assignments of error.
 {¶ 24} Appellant commission's first and second assignments of error are sustained, appellant city's first and second assignments of error are sustained, both appellants' third assignments of error are overruled as moot, and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Lazarus, P.J., and Sadler, J., concur.
[1] The city and commission have filed separate appeals from the common pleas court's judgment and these appeals were sua sponte consolidated.