OPINION
{¶ 1} Appellant, Ohio Liquor Control Commission ("commission"), appeals from a judgment of the Franklin County Court of Common Pleas, which reversed the commission's order revoking the liquor permit of appellee, SP Lebos, Inc. For the reasons that follow, we reverse the judgment of the common pleas court.
 {¶ 2} Appellee is the holder of a liquor permit issued to it by the commission. According to the investigator's report, on February 8, 2002, one of appellee's employees was found to be in possession of a firearm on the permit premises, in violation of R.C. 2923.121. Appellee was cited for violating Ohio Adm. Code4301:1-1-52, which prohibits improper conduct on a permit premises. A hearing on the citation was held on September 24, 2002. Appellee was properly served by certified mail with notice of the hearing. Mrs. Erma Hammett ("Hammett") is the only person who attended the hearing.
 {¶ 3} Upon motion and without objection, the chair of the commission admitted the hearing notice, proof of service, and the investigator's report into evidence. Hammett addressed the commission, stating that she was the permit holder and that the citation was issued while a permit transfer was pending. Under oath, Hammett told the commission that she wanted the commission to revoke the permit.
 {¶ 4} Later that day, the commission issued an order, which stated, in relevant part: "The Permit Holder entered a plea of Admission as to violation(s) 1." The order further stated that the commission found the permit holder to be in violation as charged and revoked the liquor permit. Appellee timely filed a notice of appeal with the commission and with the Franklin County Court of Common Pleas, as permitted by R.C. 119.12.
 {¶ 5} The common pleas court reversed the commission's revocation order. Relying on Union Sav. Assn. v. Home OwnersAid, Inc. (1970), 23 Ohio St.2d 60, the court determined that since the permit holder is a corporation and Hammett is not an attorney, Hammett could not legitimately speak for the corporation and her statement could not serve as evidence. The court held that because the commission's order only referenced Hammett's statement, her statement was the sole piece of evidence upon which the commission based its finding. The court ruled that because Hammett's statement could not be considered by the commission, its order was not supported by reliable, probative and substantial evidence and must be reversed.
 {¶ 6} Appellant sets forth two assignments of error:
First Assignment of Error
The Lower Court Erred By Incorrectly Interpreting The Holding in Union Savings Assoc. v. Home Owners Aid, Inc. (1970),23 Ohio St.2d 60.
Second Assignment of Error
The Lower Court Erred In Reversing The Orders Of The Ohio Liquor Control Commission, As The Orders Are Supported By Reliable, Probative, And Substantial Evidence And Are In Accordance With Law.
 {¶ 7} Any party who is adversely affected by an order of the liquor control commission may appeal the order to the Franklin County Court of Common Pleas. R.C. 119.12. The common pleas court must then review the entire administrative record to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with the law. (Emphasis added.) Our Place, Inc. v. Ohio Liquor Control Comm. (1993),63 Ohio St.3d 570, 571-572; Andrews v. Bd. of Liquor Control
(1955), 164 Ohio St. 275, 280. In order for evidence to be reliable, there must be a reasonable probability that the evidence is true. Probative evidence is evidence that tends to prove the issue in question. Substantial evidence is evidence with some weight, importance and value. Our Place, supra.
 {¶ 8} The review of the common pleas court of the record before the commission is neither de novo nor restricted to purely questions of law. Rather, it is a hybrid review in which the court "must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof." Lies v. Veterinary Med. Bd. (1981),2 Ohio App.3d 204, 207, quoting Andrews, at 280.
 {¶ 9} In its review, the common pleas court must give due deference to the commission's resolution of evidentiary conflicts, although the commission's findings are not conclusive.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111. Nonetheless, when some reliable, probative and substantial evidence supports the commission's order, it must be affirmed.T. Marzetti Co. v. Doyle (1987), 37 Ohio App.3d 25, 29;Henry's Café, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233, 236. Further, when the commission imposes a penalty that is lawful, the courts are without any authority to modify the penalty. Id., paragraph three of the syllabus.
 {¶ 10} An appellate court's review of an administrative decision is more limited than that of a trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, reh'g denied, 67 Ohio St.3d 1439. In Pons, the Supreme Court of Ohio noted: "While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion[.] Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id.
 {¶ 11} We review the determination of the common pleas court on the quantum of evidence according to an abuse of discretion standard. Pons, supra. However, on questions relating to interpretation and application of pertinent statutes, we exercise plenary powers of review. Dave's Drive Thru, Inc. v. Ohio LiquorControl Comm., Franklin App. No. 03AP-136, 2003-Ohio-4514, citing Univ. Hosp., Univ. of Cincinnati College of Medicine v.State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 344;Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998),129 Ohio App.3d 800, 803.
 {¶ 12} In its first assignment of error, appellant contends the common pleas court incorrectly interpreted the holding inUnion Savings, supra. The interpretation of Union Savings
presents a question of law. Consequently, we review this assignment of error de novo.
 {¶ 13} In Union Savings, a bank obtained a judgment against a corporation and several of its officers. Shortly thereafter, the corporation's president filed a motion for relief from the judgment against him. He also attempted to file a similar motion on behalf of the corporation. While the corporation's president was permitted to seek relief from the judgment against him personally, he could not seek relief on behalf of the corporation. Applying R.C. 4705.01, the Supreme Court of Ohio held that a corporation cannot maintain litigation or appear in court through an officer of the corporation or an appointed agent who is not admitted to the practice of law. Union Savings, syllabus.
 {¶ 14} Appellant contends the common pleas court's sole reliance on Union Savings is misplaced. Appellant submits that based on the facts in this case, the proper analysis to apply was set forth in Lindner v. Ohio Liquor Control Comm. (May 31, 2001), Franklin App. No. 00AP-1430.
 {¶ 15} Hammett is not an attorney and cannot undertake acts that constitute the practice of law. Whether a particular action before an administrative agency constitutes the practice of law is determined on a case-by-case basis, after considering factors such as the nature of the activity, whether any special skills are required, the potential for harm to the public, and whether a record is being created for purposes of appeal. Cleveland BarAssn. v. Woodman, 98 Ohio St.3d 436, 437, 2003-Ohio-1634. The practice of law includes appearing in court, preparing and filing legal pleadings and other papers, and managing actions and proceedings on behalf of clients before judges and courts. Id., citing Richland Cty. Bar Assn. v. Clapp (1998),84 Ohio St.3d 276.
 {¶ 16} In Lindner, supra, the non-attorney husband of a permit holder appeared before the commission at a hearing and admitted to the violation as charged.[1] The commission subsequently issued an order revoking the permit.
 {¶ 17} On appeal to this court, the permit holder inLindner contended the commission should not have allowed her husband to represent her at the hearing because his doing so constituted the unauthorized practice of law. In support, the permit holder relied on R.C. 119.13, which provides that only an attorney may represent a party "at a hearing at which a record is taken which may be the basis of an appeal to court." In overruling the permit holder's assignment of error, we stated:
* * * The practice of law embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients and, in general, all advice to clients and all action taken for them in matters connected with the law. [Citations omitted.] Mr. Lindner simply did not intend to nor did he engage in such activities. Therefore, the mandate in R.C. 119.13 is not implicated, and there was no error at the commission hearing in regard to Mr. Lindner's presence there and his admission to the charges on behalf of appellant. * * *
Lindner, supra.
 {¶ 18} Similarly, in this case, Hammett's actions before the commission did not constitute the practice of law. She did not provide advice on the law. She prepared no pleadings or other papers that were filed with the commission. She did not object or stipulate to any of the evidence presented to the commission. She did not examine witnesses or present a defense. Her appearance before the commission did not require any special skills that only lawyers possess. Her actions pose no potential harm to the general public. Application of the factors set forth inWoodman, supra, supports a finding that Hammett's actions did not constitute the practice of law.
 {¶ 19} Because Hammett was not practicing law, neither UnionSavings nor R.C. 119.13 prohibits the commission from considering the statements she made before the commission. The trial court did not consider Hammett's authority to enter an admission, and thus, we do not address this in the first instance. It is for the trial court to determine the reliability, the probative character and the substance, if any, of Hammett's statements as part of its hybrid review of the record before the commission. Accordingly, appellant's first assignment of error is sustained.
 {¶ 20} Appellant's second assignment of error contends the trial court erred in reversing the commission's revocation order, as it is supported by reliable, probative and substantial evidence and is in accordance with law. Because this assignment of error challenges the determination of the trial court on the quantum of evidence, we review this assignment of error on an abuse of discretion standard.
 {¶ 21} Under R.C. 119.12, when the trial court reviews an order of an administrative agency, the trial court must considerthe entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Conrad, supra,63 Ohio St.2d at 110-111. Because R.C. 119.09 does not require the commission to provide an explanation of its decision, the common pleas court may not presume that the commission's order recites the sole basis for its decision. Beef Beer Keowee, Inc. v. LiquorControl Comm. (Aug. 20, 1998), Franklin App. No. 97APE09-1272. When some reliable, probative and substantial evidence in the record supports the commission's order, it must be affirmed, as neither the common pleas court nor this court may substitute its judgment on the weight of such evidence for that of the commission. Kilburn's Lodge, Inc. v. Liquor Control Comm. (Mar. 25, 1993), Franklin App. No. 92AP-931.
 {¶ 22} It is clear from the face of the decision of the common pleas court that it did not review the entire record or consider any evidence beyond the language contained in the commission's order. (Trial court decision at 3.) As was set forth in Pons, supra, it is incumbent on the trial court to examine the entire record. The appellate court is to determine only if the trial court has abused its discretion. Since the common pleas court did not consider the entire record, as required by law, we remand this matter so that it can do so.
 {¶ 23} For the reasons stated above, each of appellant's assignments of error are hereby sustained. The judgment of the Franklin County Court of Common Pleas is reversed and remanded, with instructions to review the entire record as it applies the proper standard of review.
Judgment reversed and remanded with instructions.
BRYANT and BROWN, JJ., concur.
[1] Appellee's attempt at page four of its brief to distinguishLindner by claiming that the non-attorney's appearance was limited to allowing him to offer statements in mitigation of any penalty is contrary to the text of the court's decision, which clearly states he appeared and admitted the charges against the permit holder.