{¶ 19} Because I believe Lindner v. Ohio Liquor ControlComm. (May 31, 2001), Franklin App. No. 00AP-1430; and SPLebos, Inc. v. Ohio Liquor Control Comm. Franklin App. No. 03AP-447, 2004-Ohio-1613, require reversal of the trial court's judgment, I respectfully dissent.
 {¶ 20} In Lindner, the permit holder was the spouse of the manager of the permit premises. The manager, who was not an attorney, appeared at the hearing on behalf of the permit holder and admitted the charges contained in the investigator's report. This court upheld the trial court's affirmance of the liquor commission's decision based upon the manager's admission to the charges. Significantly, this court held that the manager's appearance for purposes of admitting the charges did not constitute the practice of law. See, also, SP Lebos, supra. (Admissions by corporate representatives did not constitute the practice of law.)
 {¶ 21} The case at bar presents essentially the same issue. Here, Shook appeared before the liquor commission on behalf of the corporate permit holder to admit the violations. Based uponLindner and SP Lebos, such an appearance is not the practice of law. The fact that the case at bar involved a corporate permit holder and Lindner involved an individual permit holder is irrelevant. The legal status of the permit holder has no bearing on whether the conduct of the permit holder's representative constitutes the practice of law. Moreover, SP Lebos involved a corporate permit holder and reached the same conclusion.
 {¶ 22} In addition, the record here suggests that Shook owned the corporate permit holder. Shook identified himself as the permit holder and stated that he was in the final stages of selling the business. Therefore, I also disagree with the conclusion that the record is silent as to Shook's authority to make an admission on behalf of the corporation. In any event, even if the record were silent regarding Shook's authority, the trial court did not address this issue. The trial court's decision was based entirely upon its conclusion that Shook's actions constituted the practice of law. Therefore, at a minimum, we should reverse and remand the case to the trial court for an assessment of whether there was some evidence that Shook was authorized to act on behalf of the corporate permit holder.
 {¶ 23} Lastly, Shook not only admitted the violations, he also admitted the facts underlying the violations. Under these circumstances, I believe the commission's decision was supported by reliable, probative, and substantial evidence and was in accordance with law.
 {¶ 24} Therefore, I respectfully dissent. I would reverse the trial court's decision.