{¶ 17} Pursuant to R.C. 119.13, "only an attorney at law may represent a party or an affected person at a hearing at which a record is taken which may be the basis of an appeal to court." In theory, all hearings before the commission may be the basis of an appeal, thus, only an attorney should appear on behalf of a permit holder, unless the permit holder is an individual with the right to represent himself.
 {¶ 18} In KY Corp. v. Ohio State Liquor Control Comm. (Aug. 16, 2001), Franklin App. No. 01AP-219, this court established a bright-line rule that only attorneys may represent permit holders at a commission hearing because representation by a non-attorney would constitute the unauthorized practice of law. Thus, it follows that, even where the sole purpose of the appearance is to admit to the charge, a non-attorney is not authorized to appear on behalf of the permit holder. To the extent that Lindner v.Ohio Liquor Control Comm. (May 31, 2001), Franklin App. No. 00AP-1430; and SP Lebos, Inc. v. Ohio Liquor Control Comm.,
Franklin App. No. 03AP-447, 2004-Ohio-1613, signify a retreat from that position, I find those cases to be wrongfully decided and reliance on them misplaced. Thus, I would affirm the trial court for the reasons set forth in its decision.