OPINION
{¶ 1} Appellant, Aldi, Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio Liquor Control Commission ("commission"), denying appellant's application for a new liquor permit. Because the trial court did not abuse its discretion in finding that reliable, probative, and substantial evidence supported the commission's decision to deny the permit, we affirm that judgment.
 {¶ 2} Appellant operates a chain of discount grocery stores. Appellant applied for a new C1-C2 liquor permit to sell carry-out beer, wine, and mixed beverages at one of its stores located at 10815 Kinsman Road in the Mount Pleasant area of Cleveland, Ohio. The store is located in front of Woodland Hills Park, a large, urban park that stretches from East 93rd Street to East 116th Street in Cleveland. The store sits at an entrance to the park and next to the park's recreation center. It is within walking distance of the park's swimming pools, tennis courts, basketball courts, and baseball fields.
 {¶ 3} The city of Cleveland objected to appellant's application. The city was concerned that alcohol sales at appellant's store would adversely affect the Woodland Hills Park. The city also alleged that nearby residents were opposed to the permit. After a hearing, the Division of Liquor Control ("division") overruled the city's objection, finding that the city failed to present sufficient evidence that appellant was unfit to sell alcohol or that the issuance of the permit would adversely impact the peace, sobriety, and good order of the community.
 {¶ 4} The city appealed the division's decision to the commission. On November 16, 2004, the commission held a hearing to address the city's appeal. The city presented testimony from a police officer who patrols the Woodland Hills Park area and from area residents who are concerned about the potential negative effects of a new liquor permit on the park and the neighborhood. Those residents also expressed their concerns with the oversaturation of the area with liquor permits. According to those residents, there are 41 liquor permits near appellant's store. Appellant presented testimony from its director of purchasing explaining what type of alcoholic beverages it intended to sell at the store. The commission reversed the division's decision and denied appellant a new liquor permit.
 {¶ 5} Appellant appealed the commission's decision to the Franklin County Court of Common Pleas, which affirmed the decision. Appellant appeals to this court and assigns the following error:
THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN AFFIRMING THE ORDER OF THE LIQUOR CONTROL COMMISSION, IN THAT THE ORDER IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND IS NOT IN ACCORDANCE WITH LAW.
 {¶ 6} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87. Reliable, probative, and substantial evidence has been defined as follows:
(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value. Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, 589.
 {¶ 7} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford ExemptedVillage School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ.Hosp., Univ. of Cincinnati College of Medicine v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 8} R.C. 4303.292 sets forth grounds upon which the division may refuse to issue a liquor permit. The commission did not state the grounds upon which it relied to deny appellant's permit application.[1] The trial court, however, identified three grounds the commission could have utilized: (1) pursuant to R.C. 4303.292(A)(2)(c), appellant's store is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance of the permit and operation under it by the applicant; (2) pursuant to R.C. 4303.292(B)(1), appellant's store is so situated with respect to any school, church, library, public playground, or hospital that the operation of the liquor establishment will substantially and adversely affect or interfere with the normal, orderly conduct of the affairs of those facilities or institutions; and, (3) pursuant to R.C.4303.292(B)(2), the number of permits already existent in the neighborhood is such that the issuance of a permit would be detrimental to and substantially interfere with the morals, safety, or welfare of the public. Because the trial court determined that there was reliable, probative, and substantial evidence before the commission to support each of these grounds, it affirmed the commission's decision.
 {¶ 9} In its sole assignment of error, appellant claims the trial court abused its discretion by affirming the commission's decision because the commission's decision is only supported by general and speculative evidence that would be applicable to any liquor permit application. Meslat v. Ohio Liquor Control Comm.,
Franklin App. No. 05AP-318, 2005-Ohio-5491, at ¶ 9. We disagree.
 {¶ 10} A number of witnesses testified on appellee's behalf before the commission, including Cleveland Police Officer Jerome Barrow. Officer Barrow is the officer in charge of the vice unit that patrols Woodland Hills Park. He has been a police officer for 25 years, the majority of which he has spent patrolling the Mount Pleasant area. Officer Barrow has served in the vice unit for 13 years. The vice unit enforces drug, liquor, gambling, and prostitution laws. He testified that there are problems with open containers and other vice activity in Woodland Hills Park. He explained that citations for open containers are issued in the park on a regular basis, although more often in the summer. Open container violations normally do not result in arrests. Officer Barrow further testified that he believed the issuance of another liquor permit in the area would exacerbate the problem of open containers and increase the need for police enforcement in the park.
 {¶ 11} Appellant correctly notes that general, speculative evidence that may be applicable as an argument against most permit applications is insufficient to establish substantial interference with public decency, sobriety, peace, or good order. See, e.g., Meslat, supra; Ashland v. Gene's Citgo, Inc. (Apr. 20, 2000), Franklin App. No. 99AP-938; Beck v. Ohio LiquorControl Comm. (Nov. 2, 1999), Franklin App. No. 98AP-1464. However, in the case at bar, appellee presented specific reliable, probative, and substantial evidence that supported the denial of appellant's liquor permit under R.C. 4303.292.
 {¶ 12} Officer Barrow's testimony is not the general, speculative evidence we have previously found insufficient to support the denial of a liquor permit. First, we note that appellant in this case requested a new liquor permit for its store. This court has recognized that evidence presented in opposition to applications for new permits is, by definition, more speculative than evidence in cases of permit renewal or transfer applications. See SM AM, Inc. v. Ohio Liquor ControlComm. (May 22, 2001), Franklin App. No. 00AP-1298.
 {¶ 13} More significantly, in the present case, Officer Barrow is a police officer with 13 years of experience with the vice unit patrolling the park. He has specific knowledge of the problems the park has had with open containers and he is qualified to express an opinion about how a new liquor permit in the area would affect the park. He testified that the park has a current problem with open container violations. He further testified that appellant's proposed liquor permit, directly in front of the park, would exacerbate the problem and increase the need for enforcement in the park area.
 {¶ 14} In light of Officer Barrow's testimony, we cannot say that the trial court abused its discretion when it found that reliable, probative, and substantial evidence supported the commission's decision to deny appellant's new liquor permit application based upon R.C. 4303.292(A)(2)(c). See ServiceStation Holdings, Inc. v. Ohio Liquor Control Comm. (Feb. 20, 1997), Franklin App. No. 96APE08-1053 (affirming denial of permit where specific testimony described current situation, past situation, and significant interference with public order past and future); Bagley Interstate 71 Enterprises Inc. v. OhioLiquor Control Comm., Franklin App. No. 03AP-720,2004-Ohio-1063, at ¶ 21. Accordingly, appellant's lone assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French, J., concurs.
Deshler, J., dissents.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] While it may be a better practice, R.C. 119.09 does not require the commission to provide an explanation of its decision.S P Lebos, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 03AP-447, 2004-Ohio-1613, at ¶ 21; Beef Beer Keowee, Inc.v. Ohio Liquor Control Comm. (Aug. 20, 1998), Franklin App. No. 97APE09-1272.