OPINION
{¶ 1} City of Cleveland ("city"), appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court affirmed the order of the Ohio Liquor Control Commission ("commission"), appellee. The commission's order affirmed the order of the Superintendent of the Division of Liquor Control ("division") that granted Fast Friendly, Inc.'s ("Fast"), appellee, transfer application of its C-1-2 liquor permits. *Page 2 
 {¶ 2} Fast has been a liquor permit holder for a carryout store located in Cleveland, Ohio, since 1996. On July 22, 2005, Fast applied to transfer the location of the liquor permit approximately one and one-half city blocks down the same street from its former permit premises. The city objected to the transfer. St. Joseph of Collinwood Elementary School ("St. Joseph"), which is located directly across the street from the proposed permit premises, also filed an objection to the transfer. The city and St. Joseph objected on the grounds that the area was already saturated with liquor permits, and the proposed location was across the street from St. Joseph.
 {¶ 3} After a hearing before the division, the division overruled the city's and St. Joseph's objections on June 28, 2006. The city appealed the order to the commission, and, on February 13, 2007, the commission affirmed the division's decision. The city appealed the commission's decision to the Franklin County Court of Common Pleas. On October 11, 2007, the court upheld the commission's decision. The city appeals the judgment of the court, asserting the following assignment of error:
 The Common Pleas Court abused its discretion by affirming the Order of the Liquor Control Commission because the Order is not supported by reliable, probative, and substantial evidence and is not in accordance with the law.
 {¶ 4} The city argues in its assignment of error that the common pleas court erred when it found that the commission's orders were supported by reliable, probative, and substantial evidence and were in accordance with the law. Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is "supported by reliable, probative, and substantial evidence and is in accordance with the law." R.C. 119.12. "Reliable" evidence is evidence that is dependable and may be confidently trusted. Our *Page 3 Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571. In order to be reliable, there must be a reasonable probability that the evidence is true. Id. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. Id. "Substantial" evidence is evidence with some weight; it must have importance and value. Id.
 {¶ 5} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" (Emphasis sic.) Lies v. VeterinaryMed. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews v. Bd. ofLiquor Control (1955), 164 Ohio St. 275, 280. Even though the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, the findings of the agency are not conclusive. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,111.
 {¶ 6} An appellate court's standard of review in an administrative appeal is more limited than that of a common pleas court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. It is not the function of the appellate court to examine the evidence. Id. The appellate court is to determine only if the trial court has abused its discretion. Id. Abuse of discretion is not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Id. Absent an abuse of discretion on the part of the trial court, an appellate court may not substitute its judgment for that of an administrative agency or a trial court. Id. Nonetheless, an appellate court does have plenary review of purely legal questions in an administrative appeal. Big Bob's, Inc. v. Ohio Liquor ControlComm., 151 Ohio App.3d 498, 2003-Ohio-418, at ¶ 15. Accordingly, *Page 4 
we must also determine whether the common pleas court's decision is in accordance with law.
 {¶ 7} In the present case, the division analyzed Fast's permit transfer based upon provisions in R.C. 4303.292(A) and (B). As pertinent to the division's analysis, R.C. 4303.292(A) and (B) provide, in pertinent part:
 (A) The division of liquor control may refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of, any retail permit issued under this chapter if it finds * * *:
 * * *
 (2) That the place for which the permit is sought:
 (c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance, renewal, transfer of location, or transfer of ownership of the permit and operation under it by the applicant[.]
 * * *
 (B) The division of liquor control may refuse to issue or transfer the ownership of, and shall refuse to transfer the location of, any retail permit issued under this chapter if it finds either of the following:
 (1) That the place for which the permit is sought is so situated with respect to any school, church, library, public playground, or hospital that the operation of the liquor establishment will substantially and adversely affect or interfere with the normal, orderly conduct of the affairs of those facilities or institutions;
 (2) That the number of permits already existent in the neighborhood is such that the issuance or transfer of location of a permit would be detrimental to and substantially interfere with the morals, safety, or welfare of the public. In reaching a conclusion in this respect, the division shall consider, in light of the purposes of this chapter and Chapters 4301. and 4399. of the Revised Code, the character and population of the *Page 5 
neighborhood, the number and location of similar permits in the neighborhood, the number and location of all other permits in the neighborhood, and the effect the issuance or transfer of location of a permit would have on the neighborhood.
 {¶ 8} The city first argues that the evidence demonstrated the area is saturated with liquor permits. We find this argument unpersuasive. The present case involves the transfer of a liquor license, not the granting of a new one. Fast possessed a valid license at its original location, which was only one and one-half blocks from the proposed permit premises. It is difficult to suggest that the area would reach the point of saturation when the total number of permits in the subject area will not change with the permit transfer. This fact is particularly compelling given the evidence that the city had not filed a single objection to any of the permit renewals in Fast's original location in the past ten years. The city fails to provide any explanation as to why the area would now be saturated with liquor permits when the total number of permits will not be affected and when it did not object to any of Fast's renewals in the past ten years.
 {¶ 9} Further, although the city presented testimony that there are 25 permit premises within the ward, with 18 of those being carryout stores, the city can point to no evidence demonstrating why this number is excessive. As this court has held, "the bare fact of the number of permits in a given area, without any indication as to whether this number is excessive and/or why the addition of another permit would be detrimental and substantially interfere with the morals, safety, or welfare of the public, does not constitute substantial or probative evidence." Meslat v. Ohio Liquor Control Comm., 164 Ohio App.3d 13,2005-Ohio-5491, at ¶ 22. Here, the city has argued that the proposed permit premises already has loiterers who harass young female students on their way to St. Joseph. Although we do address this contention infra, this argument is location specific *Page 6 
and does not speak to the issue of general saturation and why the area should be deemed saturated when there would be no change in the total number of permits in the vicinity as a result of permitting the transfer. Therefore, we find the city's saturation argument to be without merit.
 {¶ 10} The city next argues that the transfer of the permit will substantially interfere with the public decency, sobriety, peace, or good order of the neighborhood, and its operation will substantially and adversely affect or interfere with the normal, orderly conduct of the affairs of the school. We initially note that the city begins its argument by stating "[n]o one can deny the problems that come with beer and wine sales: loitering, drug sales, litter, drunk and disorderly persons on the street, etc." Although the cited problems can and do sometimes occur around liquor permit premises, to suggest that these problems necessarily blossom at all permit premises is fallacious. Each permit premises must be adjudged on its own without stamping the ills of a few upon the whole.
 {¶ 11} The city alleges that the allowance of the permit transfer will add to social evils and crime in the neighborhood. The city presented testimony in an attempt to demonstrate that the issuance of this permit so near St. Joseph would be detrimental to the neighborhood, lure young children to try to entice loiterers to buy them alcohol, and subject students to the harassment of loiterers in front of the premises. Specifically, Roosevelt Coats, a Cleveland city councilman, testified that he currently receives complaints about the proposed permit premises regarding patrons "hanging out" and intimidating students. Coats also presented letters from several officials from nearby churches, parents of St. Joseph students, and a daycare provider from St. Joseph expressing concern that there will be a temptation for students to purchase alcohol, and there currently exists loitering at the location. Johnathan Brooks, legislative aide to State *Page 7 
Representative Eugene Miller, testified that, with the premises being so close to a school, the children may be enticed by the alcohol. However, Brooks was not aware that the permit was being transferred from a permit holder only one and one-half blocks away. This constituted the whole of the testimony presented by the city.
 {¶ 12} After reviewing the record, we find the trial court did not abuse its discretion, and its determination was in accordance with law. The testimony presented by the city was not only minimal, but general and speculative, which is insufficient to establish substantial interference with public decency, sobriety, peace, or good order.2216 SA, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 07AP-600,2007-Ohio-7014, at ¶ 21, citing City of Ashland v. Gene's Citgo,Inc. (Apr. 20, 2000), Franklin App. No. 99AP-938; and Beck v. OhioLiquor Control Comm. (Nov. 2, 1999), Franklin App. No. 98AP-1464. We specifically point out that all of Brooks' testimony was highly speculative, and his general conjecture that the proposed permit premises will impair the students' learning and "could make a difference" in whether the children begin drinking alcohol was not persuasive. Further, although the city did present some testimony through Coats that loitering currently exists around the proposed permit premises, it is difficult to assume that this activity is specifically related to the current premises or would be exacerbated by granting the proposed permit, given Brooks' testimony that the area "isn't exactly the best part anyway with crime" and "a lot of people * * * aren't necessarily up to a lot [of] good." See 2216 SA, Inc., at ¶ 21 (this court was reluctant to attach liquor permit premises to the general ills of the surrounding neighborhood, given crime in general area).
 {¶ 13} The city maintains that the present circumstances are analogous to those in Aldi, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 05AP-804, 2006-Ohio-1650, in which we upheld the denial of a liquor permit application based upon evidence that *Page 8 
necessarily must rely upon some conjecture and speculation in determining the impact the proposed permit premises will have on the surrounding area. However, we find Aldi inapposite to the present case. Importantly, Aldi involved the issuance of a new permit, and we specifically pointed out in Aldi that the evidence presented in opposition to applications for new permits is, by definition, more speculative than evidence in cases of transfer applications. Id., at ¶ 12. The city also cites Aldi for the proposition that conjecture takes on added value and weight when it is based upon the personal experiences of longtime residents and veteran law enforcement officers. However, in the present case, the city presented no evidence from any nearby residents or police officers. Although the opinions of the councilman, nearby church officials, and nearby school officials deserve some evidentiary weight, in the present case, as explained above, the testimony lacked the particularity and definitiveness to rise to the level of reliable, probative, and substantial evidence. For these reasons, we find the trial court did not abuse its discretion, and the city's assignment of error is overruled.
 {¶ 14} Accordingly, the city's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 McGRATH, P.J., and BRYANT, J., concur. *Page 1