Office of Disciplinary Counsel *v.* Fucetola.

[Cite as *Disciplinary Counsel v. Fucetola* (2001), 93 Ohio St.3d 145.]

(No. 01–691—Submitted May 30, 2001—Decided August 15, 2001.)

---

*Per Curiam.* On September 9, 1997, respondent, Ralph Fucetola III of Newton, New Jersey, an attorney in good standing in New Jersey but not admitted to the bar of Ohio, filed a complaint in the Athens County Court of Common Pleas on behalf of Sharry Edwards and others. At the same time, respondent filed a motion to appear *pro hac vice,* to which an Ohio attorney at law consented. Although the court did not rule upon the *pro hac vice* motion until June 26, 1998, all parties and the court proceeded as though it had been granted. In addition to the complaint, respondent filed a response to a motion, a cross-motion, opposition to a motion, and interrogatories in the case on behalf of Edwards. On June 26, 1998, the court denied respondent's motion to appear *pro hac vice.*

In the meantime, on October 8, 1997, respondent, without having filed a motion to appear *pro hac vice,* represented Edwards in another case in the same court, which was settled and dismissed on July 1, 1998. Moreover, on March 2, 1998, without filing a motion to appear *pro hac vice,* respondent filed an answer and counterclaim on behalf of Edwards in a third case in the same court.

On November 15, 1999, relator, Disciplinary Counsel, filed a complaint alleging the facts as above and charging respondent with engaging in the unauthorized practice of law. Respondent answered and stated that Edwards was his long-time client, that she could not find an attorney in Athens County who would represent her in a particular matter involving intellectual property, that respondent prepared a suit on her behalf and simultaneously moved to appear *pro hac vice,* and that the court and opposing counsel acted as though the motion had been granted. Shortly after the motion to appear *pro hac vice* was denied, Edwards obtained local counsel to represent her in the two remaining cases.

At a hearing, the Board of Commissioners on the Unauthorized Practice of Law ("board") received stipulations supporting these facts and concluded that respondent had engaged in the unauthorized practice of law. The board recommended that respondent be enjoined from engaging in the unauthorized practice of law in Ohio in the future.

We have permitted non-Ohio lawyers to practice in Ohio if their practice is an "isolated occurrence" of limited duration, provided the attorney gains *pro hac vice* admission from the court in which he intends to appear. See *Royal Indem. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617. Cf.

Gov.Bar R. I(9)(H), which provides that an attorney not admitted in Ohio may appear with permission of the judge hearing the cause.

Here, respondent appeared in court prior to the court's ruling on his motion to appear *pro hac vice*. Respondent did not have the permission of the judge hearing the first case in which he appeared on behalf of Edwards, and did not even apply when he appeared in the second and third cases. Respondent is hereby enjoined from further activity constituting the unauthorized practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Kenneth R. Donchatz,* Assistant Disciplinary Counsel, for relator.

*Ralph Fucetola III, pro se.*