OPINION *Page 2 
{¶ 1} Plaintiff Everest Indemnity Insurance Company appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which rejected its notice of voluntary dismissal in the within action. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE DECLARATORY JUDGMENT LAWSUIT WAS TERMINATED UPON, AND THE COURT OF COMMON PLEAS WAS WITHOUT JURISDICTION TO TAKE ANY ACTION FOLLOWING, THE FILING OF APPELLANT'S VOLUNTARY DISMISSAL ON NOVEMBER 2, 2007.
 {¶ 3} "II. THE TRIAL COURT ERRED IN CONSTRUCTIVELY REVOKING ATTORNEY BROWN'S ADMISSION PRO HAC VICE WITHOUT ANY CAUSE AND WITHOUT A HEARING OR ANY PRIOR NOTICE TO APPELLANT."
 {¶ 4} The record indicates this cause was originally filed in Lake County, Ohio. A Michigan attorney, Stephen Brown, was admitted pro hac vice by the Lake County Common Pleas Court to represent the appellant. Subsequently, the case was transferred to Stark County, and Attorney Brown attempted to file a notice of voluntary dismissal. The trial court refused to accept the notice, finding: "The notice of the dismissal in the within matter is herein rejected by the Court in that counsel filing the notice of dismissal has not been admitted by this Court to practice in Stark County Common Pleas Court on the within matter. The dismissal entry is, therefore, considered as not having been appropriately filed."
 I. {¶ 5} Appellant frames the issue raised in I as whether a transferee court could continue exercising jurisdiction over a lawsuit that was transferred by a transferor court, *Page 3 
after an attorney admitted pro hac vice by the transferor court has filed a self-executing notice of voluntary dismissal pursuant to Civ. R. 41 (A)(1)(a). Appellant argues when Lake County Court of Common Pleas Judge Vincent Culotta granted Brown's motion for admission pro hac vice, Attorney Brown became appellant's attorney of record to pursue its declaratory judgment action. Appellant argues when the matter was transferred to the Stark County Court of Common Pleas on November 1, 2007, all the original pleadings and papers transferred with the case. Therefore, appellant argues Attorney Brown was admitted to practice in the Stark County Court of Common Pleas and was competent to sign and file the voluntary dismissal on appellant's behalf.
 {¶ 6} The trial court found Gov. Bar R. I. (9)(H) was dispositive of the issue. Gov. Bar R. I. governs admission to the Ohio Bar. Subsection (9)(H) governs admission without examination, and provides an applicant may not engage in the practice of law in Ohio prior to the presentation of the applicant to the Supreme Court. However, this does not apply to participation by an attorney not yet admitted to practice in Ohio in a cause being litigated in Ohio when such participation is with leave ofthe judge hearing the cause. (Emphasis ours.)
 {¶ 7} The trial court also cited Office of Disciplinary Counsel v.Fucetola (2001), 93 Ohio St. 3d 145, wherein the Supreme Court found non-Ohio lawyers are permitted to practice in Ohio if their practice is an isolated occurrence of limited duration, and provided the attorney gains pro hac vice admission from the court in which he intends to appear, Id. citing Royal Indemnity Company v. J.C. Penney Company
(1986), 27 Ohio St. 3d 31. The Supreme Court also cited Gov. Bar R. I. (9)(H), and noted that an *Page 4 
attorney not admitted in Ohio may appear with the permission of the judge hearing the cause, Id.
 {¶ 8} The trial court concluded pro hac vice admission must be obtained from the judge hearing the cause, and here, Attorney Brown was not admitted by the Stark County judge assigned to hear the case. The Stark County Common Pleas Court also noted the affidavits Attorney Brown submitted with his motion pro hac vice in Lake County states he is aware of the rules governing the courts of Ohio and the local rules of Lake County.
 {¶ 9} Appellant argues Judge Cullota admitted Brown to represent the appellant in this matter, and neither the client nor the nature of the case has changed. Appellant suggests the only change is the venue. We find, however, pursuant to Supreme Court mandate and the Rules governing the bar promulgated by the Supreme Court, venue is the crucial issue. Had the Supreme Court intended otherwise, it would not have referred to the "judge" hearing the case. We find each trial judge is vested with the authority to supervise the proceedings in his or her own court, including whether to admit a foreign attorney pro hac vice.
 {¶ 10} The trial court found a filing by a non-attorney on a corporation's behalf is a nullity and may be stricken from the record, Judgment Entry of November 30, 2007, citing Union Savings Association v.Home Owners Aid, Inc. (1970), 23 Ohio St. 2d 60. We agree with the trial court the filing was not properly before the court.
 {¶ 11} The first assignment of error is overruled. *Page 5 
 II. {¶ 12} In its second assignment of error, appellant argues the Stark County court abused its discretion in "constructively revoking" the judgment entry of the Lake County court without any cause, without any prior notice, and without a hearing. Appellant argues pro hac vice admission may only be revoked for egregious conduct which taints or diminishes the integrity of future proceedings, Royal Indemnity, supra, syllabus, paragraph one.
 {¶ 13} The Supreme Court has repeatedly held the term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary or unconscionable, Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Pons v. Ohio StateMed. Board (1993), 66 Ohio St. 3d 619, 621.
 {¶ 14} Because in I supra we find Attorney Brown did not have pro hac vice status in Stark County, we find his pro hac vice status was not constructively revoked. The court did not abuse its discretion, and in fact, had no discretion to accept or reject the notice of dismissal. As a matter of law the court could not recognize the document.
 {¶ 15} The second assignment of error is overruled. *Page 6 
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, J., and Hoffman, PJ., concur
 Delaney, J., dissents *Page 7